Sutton & Dudley *v.* The Board of Police of
Carroll County.

1. CORPORATIONS: MUNICIPAL AND PRIVATE: RESPONSIBILITY FOR TORTIOUS ACTS OF AGENTS.—Municipal corporations, as a general rule, are not, like private corporations, responsible for the tortious acts of their agents, and especially is this so where the agents have been appointed by the corporation in obedience to statutory regulations, and where their duties are prescribed by law, with penalties for non-performance.

2. SAME: MUNICIPAL: AGENTS RESPONSIBLE TO THIRD PERSONS.—The agents of municipal corporations, when appointed in obedience to statutory regulations, are, as a general rule, alone responsible to third persons for the non-performance of any duty imposed by law.   The duty of the corporation is to appoint the agent, and when that duty is performed in good faith and according to law, their responsibility ends.

3. BOARDS OF COUNTY POLICE: MUNICIPAL CORPORATIONS: DUTIES OF.— The boards of county police of this State are, in certain respects, municipal corporations, and charged with the duty of making provision for the building of bridges, and making of roads and for keeping them in repair.

4. SAME: OVERSEERS OF ROADS: RESPONSIBILITY FOR NOT KEEPING ROADS IN REPAIR.—Overseers of the road, and not the boards of county police, are responsible to third persons for any damage that may result from a failure to keep the roads in repair.

5. SAME: RESPONSIBILITY FOR NOT KEEPING BRIDGES IN REPAIR.—A party, who has contracted with the board of police of the county to keep a bridge in repair for a certain period of time, is alone responsible to the public for a failure to comply with his undertaking.

6. SAME: SUITS AGAINST, FOR JUST CLAIM AGAINST COUNTY.—Art. 34 Rev. Code, 419, authorizes any person having a just claim against the county, which the board of police may refuse to allow, to bring suit against the board.   It is questionable whether this provision of the law contemplates a demand against the county for unliquidated damages founded on a tort.

ERROR to Circuit Court of Carroll county. Hon. Wm. Cothran, judge.

The substance of the pleadings is set forth in the opinion of the court.

*W. P. Harris* for plaintiffs in error.

*J. Z. George* for defendant in error.

HANDY, C. J., delivered the opinion of the court.

This action was brought by the plaintiffs in error, who were mail-contractors, to recover damages sustained by them by reason of a bridge and public highway in Carroll county being out of repair.

The declaration consists of four counts. The first and fourth are on account of injuries done to the plaintiffs' stage horses, by their falling through the bridge, which was not kept in repair. The second is for expense occasioned by having to transport the mail across the creek where the bridge was, by other means than the bridge. The third is for loss sustained by them in failing to make regular trips, which was caused by the public road over which they had to pass being permitted to remain out of repair for the period of three months. It alleges that a statement of the damages sustained had been made out and presented to the defendants as a claim against the county amounting to $1,300, which is filed with the declaration, but that it was not allowed.

The defendants pleaded to the first, second, and fourth counts, a special plea alleging, in substance, that they had made a contract with one O'Neal for the building of the bridge in question for a sum of money which they had paid him, who had entered into bond, with good security, conditioned to build the bridge, and to keep it in good repair for the space of five years, which term had not expired at the time of the alleged grievances. To the third count, they pleaded, that, at the time prescribed by law next before the happening of the alleged grievance, they appointed suitable and proper overseers of the road in question, and assigned to them to work on said road, a competent num-

ber of persons liable by law to work on public roads, and to keep said road in good repair, and if said road was out of repair, as alleged, it was the fault of said overseers. To these pleas, the plaintiffs filed a demurrer, which was overruled, and leave given to reply ; which they declined to do ; and thereupon judgment was rendered for the defendants.

The question arising upon the record is, whether the board of police is liable for the damage sustained by the plaintiffs, in the state of facts shown by the above pleas.

The boards of county police in this State are, in certain respects, municipal corporations; charged with the duty of making provisions for the building of bridges and the making of roads, and for keeping them in repair, in their respective counties. Their duties, in these respects, are defined by statute. As to roads, they are required to divide the public roads in their respective counties, into convenient districts, and to appoint and direct what persons shall work on each road, and to appoint annually one overseer of the roads for each district. This overseer is compelled, under very stringent penalties, to serve as such ; and ample provisions are made for securing the attendance and services of the persons subject to work at the times which he may appoint, and for the number of days prescribed by the statute ; which are, for the most part, sufficient for the proper performance of the duty. Rev. Code, 173, arts. 12, 13, 14, 17, 18, 21. It is made the duty of the overseer to keep the roads within his district in good repair, and, on his failure to do so for more than ten days, unless hindered by extreme bad weather, or other unavoidable cause, he is liable to indictment and fine. Ib. 600, art. 162. He is required to put up mile-posts and sign-boards, showing the distance to the court-house or principal town, for the direction of travellers, under a penalty ; and to make semi-annual reports to the board of police of his county, of the condition of the road under his charge, and full particulars of his acts, as overseer, under a penalty.

From all these provisions, it is plain that the duty of working the roads and keeping them in good repair is committed by law to the overseers of roads in each county.

It is also provided, that the board of police shall contract for the building of any bridge, and for keeping it in repair, which may be necessary and which the overseer of the road cannot conveniently make with the labor of the hands under his charge. Rev. Code, 178, art. 38. And it is likewise clear, that, when any such bridge is built under such contract, and a party becomes bound to keep it in repair for a stated period of time, the duty of keeping it in repair is committed to such party, who thereby becomes the party liable to all persons who may sustain damage by the non-performance of his duty.

Private corporations are responsible for the tortious acts of their agents. But generally this is not the case with municipal corporations; and especially is it not so where the persons have been appointed by the corporation in obedience to statutory provisions, and where their duties are prescribed by law, with penalties for their non-performance. In such cases, the duty of the person is to the public and not to the corporation which appointed him; he is a public servant, and not the agent of the corporation. He is the person to whom the duty intended to be performed is committed *by law*. The duty of the corporation or civil tribunal is *to appoint* the person who shall become responsible to the public for the performance of the particular public service; and when that duty is performed by the corporation, in good faith, and as required by law, it has performed its office, and the person appointed becomes chargeable with the duties of the place, subject to the power of removal by the board of police, on good cause shown; and this, we think, is very clearly the rule applicable to the boards of police in relation to the appointment of overseers of the roads, and to contracts made for the building and repair of bridges like the one involved in this case.

In such cases, a party aggrieved by reason of the default of an overseer or contractor, without justification, has a clear remedy against the person who has occasioned the injury, and who should, in justice, be responsible for it directly to the party injured. For aught that appears, this remedy might have been effectually pursued against those persons, in this

case; and, in addition to the reasons above stated, this course commends itself as the proper one, because it would prevent circuity of actions, which would take place if a recovery were had against the board of police, and actions were then brought by that board against the overseer and the contractor, to recover the amount of such judgment.

It is said that the plaintiffs' demand in this action is " a claim " within the meaning of art. 34 Rev. Code, 419, which authorizes " any person having a just claim against any county," which the board of police may refuse to allow, to bring suit against such board.

It is questionable whether this provision of law contemplates a demand against a county for unliquidated damages, founded on a tort in any case. For, if the act complained of were justified by law, and in accordance with the proper duties and powers of the board of police, it would be legal, and no claim or action could be predicated of it, by a party injured by it. And if it were unauthorized by law, or in violation of the legal duties of the board, it would seem to be a matter of individual liability of the members, and not a " just claim " or charge against the county. But be this as it may, we are of opinion that this is not a claim for which the county was liable, for the reasons above stated, and that the judgment upon the demurrer was correct, and must be affirmed.