J. A. E. BRABHAM *v.* THE BOARD OF SUPERVISORS OF
HINDS COUNTY.

COUNTY.    *Not liable for neglect to repair bridge.*

A county is not liable for damages suffered in consequence of neglect
to repair a county bridge.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

*M. Green,* for the plaintiff in error, cited the following
authorities: Stephens on Pleading, 91, note; *Russell* v. *Men
of Devon,* 2 T. R. 667; Code 1871, § 1384; Constitution, art.
6, § 20; art. 12, § 16; Code 1871, §§ 1363, 2352, 2374; Grant
on Corporations, 501; *Mayor, &c. of Lyme Regis* v. *Henley,*
2 Cl. & Fin. 331; *La Salle Co.* v. *Simmons,* 5 Gilman (Ill.),
520; *Brown* v. *Jefferson Co.,* 16 Iowa, 341; *Soper* v. *Henry Co.,*
26 Iowa, 264; *Sutton* v. *Board of Police,* 41 Miss. 237; *Pike Co.*
v. *Hosford,* 11 Ill. 176; *Adams* v. *Logan Co.,* 11 Ill. 336; 4 Ohio,
513; 10 Ohio, 159; 2 Denio, 433; 2 Dillon on Municipal Cor-
porations, § 762, note 2.

*D. P. Porter,* on the same side, cited *County Commissioners*
v. *Duckett,* 20 Md. 468; *Wilson* v. *Jefferson Co.,* 13 Iowa, 181;
*Erie City* v. *Schwingle,* 22 Penn. St. 384; Grant on Corpora-
tions, 283, 284, 501; *Thayer* v. *Boston,* 19 Pick. 511; *Stetson*
v. *Faxon,* 19 Pick. 147, and English cases therein cited; *Mayor,
&c. of Lyme Regis* v. *Henley,* 2 Cl. & Fin. 331; *Mayor, &c. of
New York* v. *Furze,* 3 Hill (N. Y.), 618; *Whipple* v. *Walpole,*
10 N. H. 130; *Commissioners* v. *Butt,* 2 Ohio, 348; *Richardson*
v. *Spencer,* 6 Ohio, 13; *Goodloe* v. *Cincinnati,* 4 Ohio, 513;
*Rhodes* v. *Cleveland,* 10 Ohio, 159; 20 Md. 468; *Commission-
ers* v. *Mighels,* 7 Ohio St. 112; *Paine* v. *Commissioners,* Wright
(Ohio), 417; and commented upon the cases relied on by op-
posing counsel from 11 Mich. 88; 3 Harrison, 108, and 41
Miss. 239.

*W. L. Nugent,* for the defendant in error, cited *Supervisors
of Lawrence Co.* v. *Brookhaven,* 51 Miss. 68; *Larkin* v. *Saginaw
Co.,* 11 Mich. 88; *Commissioners* v. *Mighels,* 7 Ohio St. 112;
*Commonwealth* v. *Brice,* 22 Penn. St. 211; *Estep* v. *Keokuk Co.,*

18 Iowa, 199; *Bray* v. *Wallingford*, 20 Conn. 416, 419; *Crowell* v. *Sonoma Co.*, 25 Cal. 313; *Hedges* v. *Madison Co.*, 1 Gilman (Ill.), 567; *Reardon* v. *St. Louis Co.*, 36 Mo. 555; *Kinsey* v. *Jones*, 8 Jones Law (N. C.), 186; *Freeholders* v. *Strader*, 3 Harrison, 108; *Treadwell* v. *Commissioners*, 11 Ohio St. 190; *White* v. *Charleston*, 2 Hill (S. C.), 571; *Ward* v. *County of Hartford*, 12 Conn. 404; *Wheatly* v. *Mercer*, 9 Bush, 704; *Fowle* v. *Alexandria*, 3 Pet. 409; 9 Mass. 250; 2 Nott & M'Cord, 537; *Sutton* v. *Board of Police*, 41 Miss. 239; Dillon on Municipal Corporations, § 785.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error sued the defendant in error to recover damages for the death of her husband, produced by the falling of a county bridge while he was crossing it with his wagon and team.

If a county can be held liable for damages suffered in consequence of neglect to repair a county bridge in any case, it should be held so in this. At common law, a county could not be so held liable. No statute makes it liable. The "demands," "accounts" and "claims" contemplated in the statutes to be audited and allowed by boards of supervisors, and authorized to be sued on, if allowance is refused by the board, are manifestly such liabilities of the county as are provided for by some statute. A county can have no liability except as authorized, expressly or by necessary implication, by some statute. Counties are political divisions of the State, created for convenience. They are not corporations with the right to sue and be sued as an incident to their being, but are *quasi* corporations, invested by statutes with certain powers, and subject to certain liabilities, and can neither sue nor be sued, except as authorized by statute. The right to maintain a suit like this against a county is not only outside of the contemplation of the statutes, but is opposed by every consideration of sound policy.            *Judgment affirmed.*