### HARRISON COUNTY *v.* MARIONE.

[70 South. 702.]

1. COUNTIES. *Board of supervisors. Unauthorized act. Liability. Pleading. Demurrer. Admission.*

   When the board of supervisors of a county entered an order requiring all live stock in the county to be vaccinated and appointed a person to vaccinate such stock, who over plaintiff's protest vaccinated a horse, which in consequence contracted lockjaw and died, in such case the county was not liable for such death, since the board of supervisors acted without authority and a county is not liable for the unauthorized acts of its board of supervisors.

2. PLEADING. *Demurrer. Admission.*

   On demurrer the court will assume that the declaration states the facts.

APPEAL from the circuit court of Harrison county.

HON. T. H. BARRETT, Judge.

Suit by S. Marione against Harrison County. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. G. Evans, T. M. Evans* and *R. C. Collins*, for appellant.

The county is not liable for the acts and negligence of its officers and agents. 4 Am. and Eng. Ency. (1 Ed.), page 367. A county is not liable to one whose property is damaged by the acts and negligence and tortious acts of a road overseer. *Raney* v. *Hines County,* 79 Miss. 238; *Sutton* v. *Carroll County,* 41 Miss. 236; *Braham* v. *Hines County,* 54 Miss 363. These cases support the doctrine announded in 79 Miss. 238.

In the case of *Raney* v. *Hines County,* 78 Miss. 308, demurrer to the declaration was overruled and the case remanded. In this case the declaration alleged that the county had damaged property belonging to plaintiff for public use without compensation. On the trial of this case, on the merits, there was a judgment for the defendant county, and an appeal was taken and affirmed as appears in same case referred to in 78 Mississippi (*Ramey* v. *Hines County,* 79 Miss. 238.)

In the case at bar, the declaration sets out the facts substantially. A disease called Anthrax appeared in the county and the board of supervisors acting under the advice of the State Live Stock Sanitary Board, in order to protect the public health against the use of meats that might be so diseased, made an order that all live stock be vaccinated and made other precautionary orders, and under the acts of the legislature of 1910, page 135, appropriated money to pay the expense of inspectors.

As shown by the declaration and order of the board one Hollis Taylor was appointed as one authorized to vaccinate live stock and did vaccinate the horse over which this controversy arose. It therefore appears that Taylor was the agent and officer of the county delegated to perform the duty.

We submit that nothing in this record shows any liability on the part of the county to pay for the horse so vaccinated, and we further submit that there is no law

authorizing the board of supervisors to pay for the horse in question out of any fund in the county. And as to non-liability of the county, see "Cyc." Vol. 11, page 498; 5 Thompson on Negligence, page 5822; 58 Am. St. Rep., 396; 82 Am. Dec., 63; 64 Am. St. Rep. 428.

We submit therefore that the court erred in overruling the demurrer filed by the county and rendering judgment against the county.

*George H. Ethridge,* assistant attorney-general, for the state.

I have not been advised as to the view of the learned court below in holding that the county is liable on the facts stated in the declarations set forth. It is well settled by all the authorities that I have been able to find touching on the question, that the state may in protecting the health of the public under its police power, kill or destroy stock infected or exposed to contagious diseases that would impair the public health and may do this without paying for the cattle or other property destroyed.

It was held in the case of *New Orleans* v. *Charouleau,* 18 L. R. A. (N. S.), 368; 121 L. Ed., 890; 46 So. 911, that diseased cows might be destroyed without paying the owner for them as a police regulation. See also the authorities in note to the above case in the L. R. A.; also: *Houston* v. *State,* 98 Wis. 48; 42 L. R. A. 39; 74 N. W. 111.

In these cases the right to destroy these animals without compensation was upheld. See also: 28 Am. Rpts. 352.

In the case of *Ross* v. *Denshaw Levee Board,* 83 Ark. 176, 21 L. R. A. (N. S.), 699, 103 S. W. 380, a statute of Arkansas permitting the killing of hogs running at large on or near public levees without compensation to owners was upheld by the supreme court of that state under the police powers of the state.

On the question of the power of the state to require vaccination to prevent the spread of dangerous diseases, see the following authorities: *People ex rel. Jenkins* v. *Board of Education,* 17 L. R. A. (N. S.), 709; 234 Ill. 422; 84 N. E. 1046; *Com.* v. *Jacobson,* 183 Mass. 242; 66 L. R. A. 935; 66 N. E. 719, affirmed in 197 U. S. 11; 49 Law Ed. 643; *Norris* v. *Columbus,* 102 Ga. 792; 42 L. R. A. 175; 66 Am. St. Rep. 243; *State* v. *Hay,* 126 N. C. 999; 49 L. R. A. 588; 78 Am. State Rep. 691.

In the light of these authorities, I respectfully submit that the county is not liable and that the learned court below erred in holding the county liable, and that the case should be reversed and dismissed.

*Rucks Yerger,* for appellee.

The rule that a county cannot be held liable for the wilfull or tortious or negligent acts of its agents is subject to exceptions, and that cases can arise when a county is liable, is shown by the decisions of the court in this state.

The question of the liability of a county to individuals who have suffered damages has arisen several times in the state. The first case that I have seen and one that is relied on in the brief of counsel for appellant is *Sutton* v. *Carroll County,* 41 Miss. 236.

The view that there are cases in which the county can be held liable for the acts of the board of supervisors is supported by the cases of *Raney* v. *Hines County,* 78 Miss. 308.

It has been held that a county is not liable to suit for the acts of such agents, but the wanton wrong here alleged to have been inflicted upon the plaintiff is also alleged to have been committed by the county. The board of supervisors represent the county. *Board* v. *Niles,* 58 Miss. 48; *State* v. *Fortenberry,* 54 Miss. 316." This case was again before the court in 79 Miss. 238. A judgment

in favor of the county was affirmed because it was shown that there was an overseer and the neglect was his. This case clearly shows the distinction between acts done by the board, and by a road overseer.

This same view is taken by the court in the case of *State* v. *Vaughn,* 77 Miss. 681. In this case plaintiff sued on the bond of a member of the board. A decision was sustained because the declaration did not aver that there was a failure to appoint an overseer. The appellee, therefore, contends that there are cases where a county can be made to pay damages for the tortious and wrongful acts of their representatives and that the case at bar is such a case and that this view is supported by the above decisions.

Can a county be made to pay for admitted injury, such as this, for the court will note that death of the horse from tetanus caused from the vaccination, is admitted? Can a county inflict this character of injury on a party without compensation being made?

The duty of vaccinating stock is not a duty imposed by law, on the county, it is one voluntarily assumed, and was specially authorized and in such cases the county is liable.

The general rule laid down by Cyc. in Vol. 11, page 498, see D, is that a county is "not considered liable to persons injured by the wrongful neglice of duty, or the wrongful acts of their officers, agents or employees done in the course of the performance of corporate powers or in the execution of corporate duties unless authorized or ratified by them."

The act complained of here was wrongful and was specially authorized and directed. The exception to the rule is when the act complained of was authorized or ratified. In support of the exception see *Schussler* v. *Hennepin County,* 67 Mo. 412, 39 L. R. A. 75. Also *Coburn* v. *San Mater County,* 75 Fed. (Cal.) 523. Another exception to the general rule is set out in 11 Cyc, page 500, sec. 2, is when the duty is not one imposed by law, but is one

voluntarily assumed. This exception is supported by the cases of *Hanna* v. *St. Louis County*, 62 Mo. 313; *Lefeois* v. *Monroe County*, 24 N. Y. App. Div. 421, 48 N. Y. Sup. 519.

As hereinbefore stated the duty to vaccinate stock is not a duty imposed by law on the board, but is one this board voluntarily assumes.

COOK, J., delivered the opinion of the court.

The declaration in this case avers that the board of supervisors of Harrison county, on July 7, 1913, entered an order, or ordinance, requiring all of the live stock in the county to be vaccinated, and appointed one Hollis Taylor as a suitable person to vaccinate the stock in one of the supervisor's districts of the county; that said Taylor, in pursuance of said ordinance and over the protest of plaintiff, vaccinated a horse, the property of plaintiff; and that the horse contracted lockjaw as a result of said vaccination and died. Therefore plaintiff demanded and obtained a judgment against Harrison county for the value of the horse.

The defendant, Harrison county, demurred to the declaration, on the ground that the board of supervisors was without power to pass the ordinance, and the county was not liable for the *ultra vires* acts of the board. The demurrer was overruled, and, defendant declining to plead further, a judgment was entered against the county for one hundred and eighty-five dollars, the value of the horse, from which judgment this appeal was prosecuted.

We have been unable to find any statute conferring upon boards of supervisors the power assumed by the board of supervisors in the present case. Appellee, plaintiff below, says in his brief that the board usurped the power, and its order was void, and that the vaccination of the horse was a trespass, and a reckless invasion of plaintiff's property rights. This indictment of the members of the board seems to be justified, if the averments of the declaration are true.

Granting, as we must, that the declaration states the facts, we are nevertheless of the opinion that plaintiff has not stated a cause of action against the county. The county is in no wise liable for the unauthorized acts of the board of supervisors.

*Reversed, and cause dismissed.*