Dick *v.* Atchafalaya Drainage & Levee Dist.*

(Division A.   March 21, 1927.   Suggestion of Error Overruled Sept. 26, 1927.)

[113 So. 897.   No. 26321.]

1. Levees and Flood Control. *Declaration for damages caused by construction of levee held demurrable for failure to show authority of drainage commissioners to construct such levee (Laws 1914, chapter 269).*

   Declaration, in action for damages to land caused by construction of levee, alleging creation of district under Laws 1914, chapter 269, and completion of work contemplated with subsequent construction of levee on plaintiff's land without paying damages therefor, *held* demurrable for failure to show authority of drainage commissioners to construct levee complained of.

2. Municipal Corporations. *Public corporation is liable only for authorized acts of officers, in absence of statute otherwise providing.*

   A public corporation, created *in invitum* for purpose of discharging a public function, is liable only for authorized acts of its officers and agents, in absence of statute otherwise providing.

3. Levees and Flood Control. *Landowner's failure to appear pursuant to notice for construction of additional levee held not waiver of objection thereto or claim for damages (Hemingway's Code, sections 4445, 4446, 4468, 4478).*

   Failure of landowner to appear pursuant to notice by drainage commissioners for construction of additional levee authorized by Laws 1914, chapter 269, section 13 (Hemingway's Code, section 4468), in view of Hemingway's Code, section 4478, construing word "ditch" therein to include levees, and object to construction of levee, *held* not to constitute a waiver of any objection or

claim for damages, since under Laws 1914, chapter 269, section 7 (Hemingway's Code, section 4445), and section 8 as amended by Laws 1914, chapter 271 (Hemingway's Code, section 4446), to the effect that commissioners' failure to return no assessment of damages shall be deemed finding that no damage will be sustained, is applicable only when such failure appears from assessment roll made pursuant thereto.

*Corpus Juris-Cyc. References: Levees and Flood Control, 36CJ, p. 1005, n. 64 New; p. 1030, n. 88; Municipal Corporations, 43CJ, p. 942, n. 94.

APPEAL from circuit court of Humphreys county.
HON. S. F. DAVIS, Judge.

Action by W. H. Dick against the Atchafalaya Drainage & Levee District. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

*H. F. Jones,* for appellant.

We are brought to the interpretation of chapter 195, Laws of 1912, and chapter 269, Laws of 1914, to determine whether or not the appellee, Atchafalaya Drainage & Levee District, by its commissioners, proceeded in such a manner and in such conformity to the statute, or so substantially followed the statute in its proceedings in taking the property of appellant as to be a taking by due process of law; if not appellant is entitled to the reasonable worth of the property taken and the reasonable and proper damage sustained for the unauthorized taking and consequential damage.

Section 7 of the acts mentioned sets forth a comprehensive scheme for the organization of a drainage district, an assessment of benefits and damages flowing from the proposed drainage system; and by virtue of proceedings under this section land taken, assessments made, etc., have been determined to be "due process of law," but this district was a finished work for about seven years before the proceedings here, and the steps taken by the commissioners do not amount to "due process of law."

To assume that the commissioners acted under section 17 of this act is not well founded. See *Indian Bayou Drainage Dist.* v. *Wall et al.,* 242 S. W. 575. The published notices do not call for landowners to propound their claims for damage. *Belzoni Drainage Dist.* v. *Cobb,* 102 So. 260.

Without doubt the commissioners of the Atchafalaya Drainage & Levee District did, or endeavored to do, the thing they were authorized to do and proceeded under section 22 of the drainage act, but in a manner not set forth therein, and apparently without due consideration of the terms expressed by this section.

All of the proceedings necessary to the organization of a new and independent district were necessary in order to acquire a right-of-way or interest in the lands of the plaintiff. *Indian Bayou Drainage Dist.* v. *Wall et al.,* 242 S. W. 575, is practically identical with the case at bar.

The act under which the proposed improvement was made, chapter 195, Laws of 1912, and chapter 269, Laws of 1914, in section 7 designate exactly how such an assessment shall be made, and for an improvement as comprehensive, probably more so than the original improvement, the assessment should have been made with the same particularity. It is certainly to be believed that the legislature when enacting the law, having laid down with particularity the manner of making an assessment in section 7 of the act, deemed it superfluous to repeat in section 22 of the same act the things that the board of supervisors or the chancery court should do, or the drainage commissioners; but doubtless assumed that the same method of assessment would be followed in making such improvements.

We submit that until an assessment is made, in the manner required by chapter 269, Acts of 1914, and filed in the chancery court of Yazoo county, Mississippi, after due and proper notice is given to the landowner and an opportunity for the landowner to come into court where such proper assessment is exhibited for his information,

147 Miss.—50.

that there is no taking of his land by due process of law so as to preclude his demanding damages in a court of competent jurisdiction for such taking and damaging of · his property.

*V. B. Montgomery,* for appellee.

I.    *The commissioners complied with the drainage law.* See sections 17 and 22 of the Drainage Act, being sections 4463 and 4468, Hemingway's Code.

In accordance with the wording of the statute, the commissioners employed an engineer to make the necessary surveys, profiles and plans and specifications of the improvements regarded as necessary.  The profiles showing the location, length, width and height of said levee were prepared by the engineer and were filed by the commissioners along with the petition to the chancery court of Yazoo county, Mississippi.

Thereupon the said chancery court ordered the clerk to make the necessary publication.  Notices were then issued by the chancery clerk and same were duly published both in Yazoo county, Mississippi and Humphreys county, Mississippi.  Proofs of publication appear in the record and are strictly in accordance with the requirements of the statute.

Of course, it will be borne in mind that the improvements here constructed consisted of levees, while section 4463 provided: ''The commissioners may at any time alter the plans of ditches and drains  .  .  .''  It does not provide for altering the plan of a levee.  That is true because the word *ditch,* as used in the act, is expressly defined so as to give same the broadest possible meaning.

Accordingly, section 17 does apply to levees and opposing counsel admits that appellee complied with section 17, being section 4463, Hemingway's Code.

We understand opposing counsel to contend that appellee did not comply with section 22 of the drainage act

in three respects: (1) Because the commissioners failed to make and file in the chancery court a new assessment roll; (2) because no proposition was made to borrow money and issue bonds in such sums and in the manner provided under section 15 of the drainage act; and (3) because no notice of any assessment or proposal to borrow money and issue bonds in the manner provided by law in section 15 of the drainage act was given.

A. *It was unnecessary to file an entirely new assessment roll.* Appellant cites and wholly relies upon the case of *Hartsfield* v. *Carter,* 134 Miss. 471, 99 So. 265. In this case this court was construing a drainage act which is entirely different in its provisions from the drainage act which the court is now called upon to construe. The holding of the Hartsfield case is eminently correct and proper. But it is not at all in point here. In that case, the district was organized under chapter 197 of the Laws of 1912.

In *Clark* v. *Pearman,* 126 Miss. 327, 88 So. 716, our court passed upon the principle here involved. The drainage act here involved was involved there. This court held that under chapter 195, Laws of 1912, the original assessment of benefits bound the lands to the amount of said benefits as, and when, additional levies were made upon same, in accordance with the provision of the statute.

Furthermore, section 22 of the drainage act expressly provides that: "The board of commissioners . . . for these purposes . . . may from time to time apply to the board of supervisors for the levying of additional assessments upon the benefits for the payment of said work or said bonds." Section 4468, Hemingway's Code.

The application to the chancery court in this case was accordingly for the right to levy an additional assessment upon the benefits. The assessment roll had long ago fixed these benefits. The drainage act expressly provided that no new assessment roll should be required; hence, con-

struing together section 4445, Hemingway's Code, and section 4468 thereof, it is plainly to be seen, as foreshadowed in the Clark case, that no new assessment roll was or could be authorized under the plain provision of this drainage act. It was necessary only for the commissioners to show to the chancery court and to notify the public just what the extension work was, how much same would cost and just how it was proposed to levy this cost against the benefits already theretofore assessed by the district. This gave every landowner the right to come in and have the court to settle all questions as to the necessity for and propriety of the work, and also to settle the question of benefits and damages. Section 8 of the statute (Hemingway's Code, section 4446) was again open to every landowner. This is just what the commissioners did and we submit to the court that there was a full and careful compliance with sections 7, 8, 17 and 22 of the drainage act (being sections 4445, 4463 and 4468, respectively, of Hemingway's Code).

B.    *No notice under section 15 of the act was required.*

C.    *Notice of the additional levy was given as provided by section 22 of the act.* Opposing counsel cite *Indian Bayou Drainage District* v. *Walt,* 242 S. W. 575, which is inapplicable. This Arkansas case really upholds these proceedings and is an authority that the conduct of the district was lawful. The Arkansas court, however, holds that section 17 does not apply after the original plans have been put into effect and the work completed; that the right to change exists only up until the time of the performance of the work, and that section 22 controls the procedure from enlarging and extending levees.

It is perfectly obvious that the work in question here was simply an enlargement and extension of the levees. If the construction of the Arkansas supreme court in the Walt case is accordingly adopted, then section 17 has

no application and it was only necessary to comply with section 22.

The Arkansas court simply holds straight out that all jurisdictional objections both to the construction and necessary maintenance of the original drainage plan and scheme of improvement are forever foreclosed when the district is created and the improvement work constructed. Thereafter, section 17 has no application. It is nonessential as to the constitutionality because the drainage plan of improvement as contemplated and as constructed has become *res adjudicata.*

The powers conferred by section 22 were adjudicated and passed upon when the district was first created and the work constructed. The original judgment gives the district the right not only to construct the original improvement work, but also gives the district the right to do anything that is found to be absolutely necessary to preserve or maintain the integrity of the original plan and purpose of the district.

Hence, due process of law has already been complied with. The district always thereafter has the right to preserve and maintain its original plan and original improvement work.

II. *A drainage district is not liable for the unauthorized acts of its officers and agents.* The face of the declaration shows that the appellee, the Atchfalaya Drainage & Levee District was without jurisdiction to perform the work. The declaration expressly fails to allege that the drainage district ever made an application to the chancery court for authority to perform this work. The declaration also fails to allege that the drainage district in any way ever acquired any authority to perform this work—which authority would necessarily be a condition precedent to any power to condemn a right-of-way for the improvement, and without which authority the drainage district would be powerless to condemn.

A drainage district is a statutory creature. It is an arm of the government. It is a public corporation, cre-

ated *in invitum*. It possesses only such rights and is subject only to such liabilities as are found prescribed in the statute by which it is created and controlled. We challenge opposing counsel to show the court where any authority of this state, or any other state whose laws are similar to ours, would authorize or permit a drainage district to be sued for the unauthorized acts of its officers and agents.

See the case of *McCreight* v. *Cent. Drainage Dist. of Oktibbeha County*, 137 Miss. 319, 102 So. 276, where a drainage district through its officers and agents was unlawfully undertaking to construct a proposed improvement. The landowner stopped the officers and agents of the district at the boundary line of his land; thereupon the drainage district sought to condemn the necessary right-of-way by an eminent domain proceeding. In that case the court held that the drainage district was under the supervision of the chancery court and that lawful right to construct the proposed improvements would first have to be obtained before eminent domain proceedings could be maintained. Accordingly, it was held that the landowner was right in stopping the officers and agents of the district at the boundary line of his land, and that the drainage district could not even condemn the lands until power so to do was first obtained from the chancery court. See also 19 C. J., section 190 (2)—pages 698-700, Drains. As to the liability in tort of a drainage district, see: *Stephens* v. *Beaver Dam Drainage Dist.*, 123 Miss. 884, 86 So. 641; *Pidgeon Thomas Iron Co.* v. *Leflore County et al.*, 135 Miss. 155, 99 So. 679; *Redditt* v. *Wall* (Miss.), 55 So. 45, 34 L. R. A. (N. S.) 152; *City of Grenada* v. *Grenada County*, 115 Miss. 831, 76 So. 682; *Harrison County* v. *Marione*, 110 Miss. 592, 70 So. 702; *Jefferson County* v. *Grafton*, 74 Miss. 435, 21 So. 247; *Beaman* v. *Leake County*, 42 Miss. 237; *McCreight* v. *Drainage Dist.*, 102 So. 276.

The declaration clearly shows that the drainage district had no authority to perform the work which is al-

leged to have resulted in damages to appellant's lands. The district having no authority to perform this work, the attempt to perform same was the unauthorized act of its officers and agents; and under the long line of decisions hereinbefore cited, a public corporation is not liable for the unauthorized acts of its officers and agents.

Argued orally by *H. F. Jones,* for appellant, and *V. M. Montgomery,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellant sued the appellee in the court below for damages to his land, caused by the construction of a levee by the district. A demurrer to the declaration was overruled. The defendant filed a plea of the general issue and three special pleas, to one of which the appellant demurred. This demurrer was overruled, and, on the appellant declining to plead further, the case was dismissed. The appellant complains of the overruling of the demurrer to this plea, and the appellee, by cross-assignment of error, complains of the overruling of his demurrer to the declaration.

The declaration alleges, in substance, that the drainage district was created in 1914 under chapter 269, Laws of 1914, and all of the work contemplated at its creation was completed during the year 1915.; that in 1922 the commissioners of the district, without the appellant's consent, and without paying him damages thereby to be inflicted upon him, entered upon his land and constructed a levee extending about a mile across his land. The damage sought to be recovered is the value of the land taken for the levee and damages to other of the appellant's land caused by the construction of the levee.

The ground of the demurrer to this declaration was that it does not appear from the declaration that the commissioners were authorized to construct the levee therein complained of, and consequently the district is not re-

sponsible for the damage to the appellant thereby caused. This demurrer should have been sustained.

A public corporation, created *in invitum* for the purpose of discharging a public function, is liable only for the authorized acts of its officers and agents, in the absence of a statute otherwise providing. *Stephens* v. *Beaver Dam Drainage District,* 123 Miss. 884, 86 So. 641, and authorities there cited. Sustaining this demurrer would not necessarily have resulted in the dismissal of the case, for the appellee would then have had the right to have amended his declaration; consequently it will be necessary for us to also consider and determine the questions growing out of the overruling of the appellant's demurrer to the appellee's plea.

This plea alleges, in substance, that in November, 1921, the commissioners of the district filed a plea in the chancery court setting forth the necessity for the construction of the levee here complained of according to plans, specifications, and estimates of the cost thereof made by the engineer of the district, and also that the construction of the levee would not necessitate any additional assessment of benefits, and prayed that notice thereof be given by publication; that publication was duly made; that no objection to the construction of the levee was made by any of the landowners of the district, and a decree was rendered authorizing its construction, because of which the matters here complained of became *res adjudicata*. One of the grounds of the demurrer to this plea is that it does not allege either payment to the appellant of damages which the construction of the levee would inflict upon him, or set forth any fact which would estop him from now demanding the payment thereof.

The contention of the appellee is that the failure of the appellant to appear pursuant to notice so to do, and object to the construction of the levee, was a waiver by him, not only of any objection to the construction of the levee, but also to any claim for damages that he might sustain by reason thereof.

Chapter 269, section 13, Laws of 1914 (section 4468, Hemingway's Code), authorizes the "extending, widening or deepening the ditches, from time to time" by a drainage district, and the word "ditch" is made, by section 4478, Hemingway's Code, to include levees. The procedure thereof is not clear, but, assuming, as counsel here seem to do, that it is that provided for the original construction of ditches, levees, etc., then the procedure which should have been here followed, is that outlined in section 7, chapter 269, Laws of 1914, and section 8 thereof as amended by chapter 271, Laws of 1914 (sections 4445 and 4446, Hemingway's Code). The first of these sections provides for the making by the commissioners of a drainage district of an assessment roll immediately after the creation of the district, on which they shall note the assessment of benefits and damages to the landowners, and provides that:

"When said commissioners return no assessment of damages as to any tract of land it shall be deemed a finding by them that no damages will be sustained."

The second of these sections provides:

"That any property owner may accept the assessment of damages in his favor, made by the commissioners, or acquiesce in their failure to assess damages in his favor, and shall be construed to have done so unless he gives to said commissioners within thirty days after the assessment is filed, notice in writing, that he demands assessment of his damages by jury."

The appellee's contention in this connection is that the failure of the commissioners to return an assessment of damages to the appellant's land must be deemed, under the statute, to have been a finding that no damages would accrue thereto. The fallacy of this contention is that the failure of the drainage commissioners to return an assessment for damages is made by the statute the equivalent of a finding that no damages will be sustained when, and only when, such failure appears from an assessment roll made pursuant to the statute, on which the

commissioners must set forth all damages to the land in the district assessed by them.

It is true that no additional assessment of benefits was here made, but the absence of any necessity therefor did not and could not relieve the drainage commissioners of the duty imposed on them of assessing damages to the land.

The demurrer to the plea should have been sustained.

*Reversed and remanded.*