SEVIER LAKE DRAINAGE DIST. *v.* KINNEY.*

(Division A. March 25, 1929. Suggestion of Error Overruled April 22, 1929.)

[121 So. 117. No. 27557.]

*Corpus Juris-Cyc References: Drains, 19CJ, section 38, p. 628, n. 57.

*G. Edw. Williams,* for appellant.

*Maynard, FitzGerald & Venable,* for appellee.

SMITH, C. J. The appellant was organized into a drainage district in 1913, and, in 1923, obtained an order from the chancery court permitting it to extend and enlarge some of its ditches and do other additional work. After this order was obtained, one of the ditches of the district was extended into the appellee's land, and this suit is by the appellee to recover from the district damages for the taking of the land composing the ditch, and for damages to other of the appellee's land, resulting from the manner in which the dirt taken out of the ditch was disposed of.

The court below declined to direct a verdict for the appellant, and the jury returned a verdict for the appellee.

The appellee's contentions are, first, that the decree authorizing additional work by the district is void for reasons not necessary to be here set forth; second, the extension of the ditch into the appellee's land was not embraced within the additional work autorized by the court's order or decree, and, third, the appellee did not consent to the extension of the ditch into her land.

The first of these contentions may be left out of view, for both the other two seem to be, and we will assume are, supported by the record. If the extension of the ditch into the appellee's land was unauthorized, the district is under no liability therefor to the appellee, although the work incident thereto was done under the direction of

its commissioners. This court is thoroughly committed to the rule that a taxing district created *in invitum*, as the one here was, is not responsible in damages for the unauthorized acts of its officers and agents, in the absence of a statute otherwise providing. *Dick* v. *Atchafalaya Drainage & Levee District,* 147 Miss. 783, 113 So. 897; *Pidgeon Thomas Iron Co.* v. *Leflore County,* 135 Miss. 155, 99 So. 677; *Stephens* v. *Beaver Dam Drainage District,* 123 Miss. 884, 86 So. 641; *Harrison County* v. *Marione,* 110 Miss. 592, 70 So. 702; *Nugent* v. *Board of Levee Commissioners,* 58 Miss. 197; *Chandler* v. *Bay St. Louis,* 57 Miss. 326; *Brabham* v. *Board of Supervisors,* 54 Miss. 363, 28 Am. Rep. 352; *Sutton* v. *Board of Police,* 41 Miss. 236. This rule, according to 15 C. J. 570, is in vogue in more jurisdictions.

*Belzoni Drainage District* v. *Cobb,* 137 Miss. 393, 102 So. 259, is not in conflict therewith. The court there decided that the damage sued for resulted from the doing of authorized work, and should have been claimed in the proceeding in which the work was authorized, thereby eliminating any question of, and making it unnecessary to decide, Cobb's right to sue the district for an unauthorized act of its officers or agents.

The peremptory instruction requested by the appellant should have been given.

Reversed, and judgment here for the appellant.

*Reversed.*