STATE HIGHWAY COMMISSION *v.* KNIGHT.

(Division A.   April 9, 1934.)

[154 So. 263.   No. 31160.]

**W. W. Pierce,** Assistant Attorney-General, for appellant.

**L. K. Saul**, of Ellisville, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee recovered a judgment for damages against the appellant for negligently causing water to overflow her land. The case was begun in a county court where the appellee recovered a judgment from which both parties appealed to the circuit court, where the judgment of the county court was set aside, and, with the consent of both parties, the cause was tried by the circuit court without a jury on the evidence introduced in the county court, and a judgment was again rendered for the

appellee for a much larger amount than allowed by the county court.

The appellee owns a farm through which Barlow creek flows in a southwesterly direction. The appellant constructed a north and south highway crossing Barlow creek, not on, but about three-eighths of a mile east of, this farm. Ditches were dug by the appellant on each side of and parallel with this highway, which changed the channel of the creek, carried the water thereof a short distance from the place where it formerly crossed the highway, and discharged it again into Barlow creek, causing, according to the evidence for the appellee, an increased and more rapid flow of water in Barlow creek, resulting in its overflowing its banks and spreading out over a portion of the appellee's land.

The declaration alleges that the highway was constructed under chapter 122, Code 1930, which enjoins "due diligence in the construction of such highways so as to prevent damage to crops, lands and pastures of persons;" that the "engineers of the said defendant, acting within the scope of their authority and without using due diligence for the protection of plaintiff's land, pastures and crops, ordered, directed and had a ditch dug and excavated deeper than the channel of the said Barlow Branch," and thereby caused it to overflow and damage the appellee's land.

The evidence discloses that the ditches were dug as and where directed by the highway commissioners, and that the inundation of the appellee's land could have been prevented by putting a "bulkhead and spillway" in the ditch which deflected the flow of the water in Barlow creek.

Several questions are presented by the record, but the one which lies at the threshold of the case is the liability, vel non, of the appellant for the construction of the drainage system in such manner as to cause the water of Barlow creek to inundate the appellee's land, or, to express

it differently, whether the appellant is liable for the negligence of its officers and agents in so constructing this drainage system as to cause the water to overflow the appellee's land.

In the absence of a statute so providing, a public corporation created in invitum and supported by taxation is not liable for damages caused by the negligent acts of its officers and agents; their negligent failure to discharge a duty imposed on the corporation by law, Sutton v. Board of Police of Carroll County, 41 Miss. 236, Brabham v. Board of Sup'rs of Hinds County, 54 Miss. 363, 28 Am. Rep. 352; Nugent v. Board of Mississippi Levee Commissioners, 58 Miss. 197, and Pidgeon Thomas Iron Co. v. Leflore County, 135 Miss. 155, 99 So. 677; the doing by them of unauthorized acts, Lowe v. Board of Levee Commissioners (Miss.), 19 So. 346; Rainey v. Hinds County, 79 Miss. 241, 30 So. 636; Harrison County v. Marione, 110 Miss. 592, 70 So. 702; Dick v. Atchafalaya Drainage & Levee District, 147 Miss. 783, 113 So. 897; Sevier Lake Drainage District v. Kinney, 153 Miss. 440, 121 So. 117; the negligent doing by them of authorized acts, Chandler v. City of Bay St. Louis, 57 Miss. 326; Stephens v. Beaver Dam Drainage District, 123 Miss. 884, 86 So. 641, and Stewart v. State Highway Commission, 166 Miss. 43, 148 So. 218.

Section 4998, chapter 122, Code 1930, under which the state highway commission operates, authorizes it to purchase land for highway purposes, to acquire it for such purposes in eminent domain proceedings, and to pay the owners the compensation and damages awarded in such proceedings, and provides that "the authorities constructing such highway under the authority as is provided for in this section, shall use diligence to protect growing crops and pastures, and to prevent damage to any property not taken." It is the failure of the highway commissioners to discharge this duty of which the appellee complains.

A number of cases are cited by the appellee, but the only ones that could be here relevant are Rainey v. Hinds County, 78 Miss. 308, 28 So. 875, and Covington County v. Watts, 120 Miss. 428, 82 So. 309, in each of which a county was held liable for damages caused a landowner by the negligent construction of a county road. As said by this court in Stephens v. Beaver Dam Drainage District, supra, these cases "are not here in point, for the reason that in each of them the decision was based on a statute which in the opinion of the court imposed liability." (This sentence is incomplete in the State Report, but appears as here quoted in the Southern Reporter.) In the Rainey case, which was followed in the Watts case, the court said that liability was imposed by chapter 117, Ann. Code 1892. Sections 3894, 3895, thereof, now appearing as sections 6342 and 6344, Code 1930, provide for payment out of the county treasury of damages sustained by the owners of land or other persons, because of the construction of county roads.

It is true that section 5006, Code 1930, provides that the state highway commission shall be a body corporate, and may sue and be sued as such; nevertheless, a suit against it will lie only for liability imposed by a statute. State Highway Commission v. Gully, 167 Miss. 631, 145 So. 351. The effect here of section 17 of the Constitution was discussed, among other cases, in Stephens v. Beaver Dam Drainage District, supra.

Reversed, and cause dismissed.