534 So.2d 204 (1988)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
NEW ALBANY GAS SYSTEMS.
No. 57839.
Supreme Court of Mississippi.
November 16, 1988.
*205 Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by P.O. Gibson, Jr., Asst. Atty. Gen., Jackson, Walter E. Wood, Ridgeland, for appellant.
Roger H. McMillin, Jr., Sumners, Carter, Trout & McMillin, New Albany, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and GRIFFIN, JJ.
PRATHER, Justice, for the Court:
The Mississippi State Highway Commission brought this action in the Chancery Court of Union County against the City of New Albany, seeking the removal of a gas line attached to a bridge located on Highway 78 near the Union and Benton County line. On a cross-motion for summary judgment, the Union County Chancery Court held that the Commission was estopped through laches from requiring the removal of the gas line unless it was willing to incur three-fourths of the cost. From this judgment, the Commission has perfected this appeal and assigns as error the following:
(1) THE MISSISSIPPI STATE HIGHWAY COMMISSION NEVER ALLEGED THAT THE PIPELINE WAS NOT PERMANENT; RATHER, THERE WAS NO PERMIT ALLOWING IT TO BE ATTACHED TO THE BRIDGE.
(2) THERE CAN BE NO PRESUMPTION OF A GRANT OF A PERMIT TO ATTACH THE PIPELINE TO THE BRIDGE BASED ON THE STATUTE OF LIMITATIONS, DESPITE THE FACT THAT THE PIPELINE HAD BEEN IN PLACE FOR THIRTY YEARS.
(3) THE STATE SHOULD NOT BE ESTOPPED BY LACHES FROM REQUIRING THE REMOVAL OF THE GAS PIPELINE.
(4) THERE IS NO EVIDENCE IN THE RECORD TO SUPPORT THE HOLDING OF THE COURT BELOW THAT IT WOULD NOW COST NEW ALBANY GAS SYSTEMS MORE TO REMOVE THE PIPELINE FROM THE BRIDGE THAN IT WOULD HAVE COST IF THE ISSUE HAD BEEN RAISED EARLIER.
(5) THE MISSISSIPPI STATE HIGHWAY COMMISSION SHOULD NOT BE ENJOINED FROM DOING WHAT IT HAD STATUTORY AUTHORITY TO DO.

I.
In 1936, the Mississippi State Highway Commission obtained an easement from the then St. Louis-San Francisco Railroad Company, which allowed the State to construct the U.S. Highway 78 bridge in 1938 over the railroad. The bridge is located near the Union and Benton County lines, approximately twelve miles outside the city limits of New Albany. A six-inch gas pipeline was laid by the New Albany Gas System, a subsidiary utility of the City of New Albany. At the point where the pipeline crosses the railroad, the pipe was attached to the exterior side of the bridge and was totally unprotected. No records show exactly when the gas pipeline was attached, but it probably occurred when the pipeline was originally constructed in the years 1952 and 1953.
Pursuant to a request from the City of New Albany, the Mississippi State Highway Commission had issued a permit to allow the City to place a gas pipeline under the right-of-way of U.S. Highway 78 at several locations not relevant to this action. Despite the issuance of this permit, the Mississippi Highway Commission records did not reveal the existence of a written permit for the attachment of the pipeline to the bridge. Nonetheless, the line has been *206 in place in an unchanged condition since the construction of the system in 1952. The record fails to show any objection to the presence of the line on the bridge from 1952 until 1983.
In 1983, the City of New Albany made a verbal request to the local Highway Commission representative that barricades be erected around the gas pipeline as it approached the bridge. The City based its request on the fact that an automobile had run off the road at this location and had struck the pipeline. New Albany was afraid that another collision would rupture the gas pipeline and cause an explosion. In response to this request, the Mississippi State Highway Department personally investigated the bridge and determined that the pipeline should be removed pursuant to Standard Operating Procedure. No. MND-04-05-00-000, (hereinafter S.O.P.) which prohibited the attachment of any utility pipelines to state highway bridges except those used for carrying water. The Mississippi State Highway Commission had promulgated this rule in 1971.
The Mississippi Highway Department rescinded any permit to attach the gasline to the Highway 78 bridge, if any existed, and requested that the pipeline be removed by letter dated April 6, 1983, and transmitted a copy of the S.O.P. with the letter. The letter cited the obvious danger to motorists as the reason for the removal of the pipeline. New Albany refused to remove the pipeline, and on September 4, 1984, suit was filed by the Mississippi State Highway Commission in the Chancery Court of Benton County seeking an injunction requiring the removal of the line from the bridge. New Albany answered and raised a variety of defenses. The case was transferred to the Chancery Court of Union County on the defendant's motion.
During the course of discovery, a Commission order authorizing the issuance of a permit allowing the subject pipeline to cross under U.S. Highway 78 to New Albany Gas Systems was produced by the Commission. New Albany deposed Mr. Simmons J. Barry, one of the principals in the engineering firm which supervised construction of the pipeline; he testified at the deposition that his firm regularly obtained all necessary permits for any work that they did. He also produced plans showing that the pipeline was to be attached to the bridge. However, neither Mr. Barry nor New Albany produced any permit actually issued by the Mississippi State Highway Commission allowing the attachment.
On October 8, 1985, New Albany was notified by letter from John R. Tabb, Director of the Mississippi State Highway Department, that any permit which it may have acquired by any means allowing the attachment of a gas pipeline to the bridge was thereby rescinded by the Department. The reason cited for the decision was the serious safety hazard to the traveling public created by the attachment. Mr. Tabb's action was ratified by the Mississippi State Highway Commission in its meeting of October 8, 1985. On November 5, 1985, New Albany amended its answer to include additional affirmative defenses, among them that the actions of the Highway Commission were an unconstitutional taking of the System's property without due process of law.
Opposing motions for summary judgment were filed and the issue was briefed to the chancellor. The chancellor issued his opinion on the 29th day of July, 1986, finding a presumption of a "grant" to lay the pipeline. The chancellor held that the Commission was estopped through laches from requiring the removal of the gas pipeline unless it was willing to incur three-fourths of the cost. The Commission then perfected its appeal to this Court.

II.

THE MISSISSIPPI STATE HIGHWAY COMMISSION NEVER ALLEGED THAT THE PIPELINE WAS NOT PERMANENT; RATHER, THERE WAS NO PERMIT ALLOWING IT TO BE ATTACHED TO THE BRIDGE.
The Highway Commission challenges a finding made by the chancellor in the first sentence of his opinion that the suit was instigated against the City of New Albany partially because the pipeline was not permanent. *207 The Commission challenges this finding, stating that they neither pled nor argued that the pipeline was not permanent. The Commission claims that the suit was filed because the pipeline was illegally attached to the bridge, as no permit had ever been issued by the State Highway Department. The briefs prepared by each of the parties to this lawsuit address this issue in only a cursory manner, and in any event the issue is rendered moot by a more extensive discussion of the merits of this case. Therefore, there is no need for the Court to address this claim.

III.

THERE CAN BE NO PRESUMPTION OF A GRANT OF A PERMIT TO ATTACH THE PIPELINE TO THE BRIDGE BASED ON THE STATUTE OF LIMITATIONS.
In the opinion issued by the chancery court, the chancellor found the following:
That there must be a presumption of a grant to lay the pipeline where it is now placed on the right-of-way over the bridge because of the fact that it has been there thirty years, and that, of course, the time, thirty years, will be sufficient under our statute of limitations.
It is assumed by this Court that the statute of limitations in question is that concerning adverse possession, as found codified in § 29-3-7 of Miss. Code Ann. (1972):
Adverse possession for a period of twenty-five years, under a claim of right or title, shall be prima facie evidence in such case that the law authorizing the disposition of the lands has been complied with and the lease or sale duly made. If the claim be under a lease, the time at which the lease expires shall be fixed by the court.
While it is true in this case that over thirty years had elapsed, thereby meeting the requirements of § 29-3-7, other portions of the Mississippi Constitution and the Mississippi Code dictate a different result. Article 4, section 104 of the Mississippi Constitution of 1890 reads as follows:
Statutes of limitation in civil causes shall not run against the state, or any subdivision or municipal corporation thereof.
This language is duplicated almost word for word in the portion of the Code which deals with limitations of actions, specifically § 15-1-51.
This Court has addressed the issue of the running of statutes of limitation in civil causes against the State of Mississippi. In Gibson v. State Land Commissioner, 374 So.2d 212 (Miss. 1979), this Court held that the twenty-five year statute of adverse possession could not be invoked against the State. In that decision, the Court explained the necessity for such a provision:
The apparent reason for this provision is that the body politic should not suffer because of the neglect or procrastination of its public servants in promptly asserting and protecting the rights and interests of the general public in civil matters.
Id. at 216.
The final word on the validity of the constitutional provision found in Article 4, section 104 appears in Newell v. State, 308 So.2d 71 (Miss. 1975).
We believe no citation of authority is needed for the universally accepted principle that if there be a clash between the edicts of the Constitution and the legislative enactment, the latter must yield.
Id. at 77. This rule leaves no doubt that in the case before us the statutes of limitation concerning adverse possession do not run against the State. Therefore, that portion of the chancellor's opinion which held that the statute of limitations had run is in error.
Nevertheless, whether the permit in question was issued or whether there was a presumption of a grant, the issue here is rendered moot by Section VI herein. The permit or grant is revocable and could be terminated by the Commission for just cause.

*208 IV.

THE STATE SHOULD NOT BE "ESTOPPED" BY LACHES FROM REQUIRING THE REMOVAL OF THE GAS PIPELINE.
The Mississippi State Highway Commission also challenges that portion of the chancellor's finding which holds that they are estopped through laches from requiring the removal of the pipeline attached to the bridge. It is the opinion of this Court that the commission's claim on this assignment of error is meritorious.
This Court has stated on more than one occasion that the doctrine of laches does not apply to the State.
The weight of authority is to the effect that, generally speaking, laches will not be attributed to the State, especially when it is acting in its sovereign capacity or exercising rights on behalf of the general public; and most of the courts seem to have generally acted upon this theory in administering its laws in suits by the State in its governmental capacity.
Aetna Insurance Co. v. Robertson, 131 Miss. 343, 430, 94 So. 7, 28 (1922).
This rule has been reiterated more recently by this Court in Cinque Bambini Partnership v. State, 491 So.2d 508 (Miss. 1986), aff'd. 484 U.S. ___, 108 S.Ct. 791, 98 L.Ed.2d 877 (1988).
Moreover, the State's delay in assertion of dominion over these tidelands does not give rise to an estoppel. The State's title may not be lost by adverse possession, limitations or laches... . Under no circumstances may title held by the State for the public use or benefit be so lost.
Id. at 521.
This Court has also held on more than one occasion that the Mississippi State Highway Commission is an arm and branch of the State of Mississippi. See generally, State Highway Commission v. Knight, 170 Miss. 60, 154 So. 263 (1934); Mississippi State Highway Commission v. Yellow Creek Drainage District, 181 Miss. 651, 180 So. 749 (1938). Therefore, a study of our prior cases reveals that the State Highway Commission is a branch of the State of Mississippi and as such the doctrine of laches cannot be applied against it. This Court must conclude, therefore, that the portion of the chancellor's opinion which holds that laches does apply against the Highway Commission is in error.

V.

IT WAS ERROR FOR THE COURT BELOW TO HOLD THAT IT WOULD COST THE NEW ALBANY GAS SYSTEMS MORE TO REMOVE THE PIPELINE FROM THE BRIDGE NOW THAN IT WOULD HAVE IF THE ISSUE HAD BEEN RAISED EARLIER.
It is the opinion of this Court that the chancellor was premature in making this assessment. There is no evidence in the record before us introduced by either party which would indicate how much it would cost to remove the pipeline from the bridge. However, this finding will be rendered moot by this decision.

VI.

IT WAS ERROR FOR THE COURT BELOW TO HOLD THAT THE MISSISSIPPI STATE HIGHWAY COMMISSION COULD NOT DEMAND REMOVAL OF THE NATURAL GAS PIPELINE AT THE EXPENSE OF THE NEW ALBANY GAS SYSTEM WHEN THE COMMISSION HAS THE STATUTORY AUTHORITY TO DO SO.
The authority and powers of the State Highway Commission are codified in § 65-1-8 of Miss. Code Ann. (1988 Supp.) The pertinent provisions for this case read as follows:
The State Highway Commission, as herein provided, shall be vested with the following powers, to-wit:
(e) To make proper and reasonable rules, regulations, and ordinances for the placing, erection, removal or relocation of ... gas ... pipelines, and other obstructions that may, in the opinion of the State Highway Commission, contribute to the hazards upon any of the state highways, or in any way interfere with *209 the ordinary travel upon such highways, or the construction, reconstruction or maintenance thereof, and to make reasonable rules and regulations for the proper control thereof... .
Whenever the order of the State Highway Commission shall require the removal of, or other changes in the location of ... gas ... pipelines or other similar obstructions on the right-of-way or such other places where removal is required by law, the owners thereof shall at their own expense move or change the same to conform to the order of the said State Highway Commission... . (Emphasis added).
The chancellor found in essence that the State Highway Commission could not do what it had been given statutory authority to do. In his opinion the chancellor found that if the Highway Commission wanted the pipeline removed from the bridge, it would have to bear three-fourths of the cost; this clearly contradicts the provisions of § 65-1-8(e) requiring the owner to bear the cost of removal.
A clear statement of our standard of review of the findings and actions of an administrative agency is found in Eidt v. City of Natchez, 421 So.2d 1225 (Miss. 1982).
Accordingly, the scope of judicial review of the findings and actions of an administrative agency is limited to the four aspects set forth in Mississippi State Tax Commission v. Mississippi-Alabama State Fair, 222 So.2d 664 (Miss. 1969):
The appeal is a limited one, however, since the courts cannot enter the field of the administrative agency. The court will entertain the appeal to determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. This rule has been thoroughly settled in this state.
Id. at 1231-1232. (Quoting 222 So.2d at 665).
The Highway Commission maintains that their actions were supported by substantial evidence as required by Eidt, supra. The City of New Albany, on the other hand, claims that the Highway Commission's actions were arbitrary and capricious in violation of the Eidt rule. After examining the facts in this case, we are persuaded by the Highway Commission's view.
The chief reason given by the Mississippi State Highway Commission for requiring that the gas pipeline be removed from the bridge was the hazard it presented to motorists. It is indeed ironic in this case that the whole issue arose in the first place because an automobile had struck the pipeline. The City of New Albany was fearful of future accidents and of the hazards that would be presented to motorists. The City asked the Highway Commission to construct barricades on the highway right-of-way to prevent these accidents from happening in the future. After assessing the situation, the Highway Commission determined that the proper course of action would be to remove the pipeline from the bridge entirely. It is clear that they had the right to do so under § 65-1-8(e) of Miss. Code Ann. (1988). There does not appear to have been any arbitrary and capricious action on their part in making such a request.
Section 65-1-8 of Miss. Code Ann. (Supp. 1988) makes it clear that the City of New Albany had a revocable permit to attach the gas pipeline to the bridge in question. It is the opinion of this Court that the Mississippi State Highway Commission acted properly when it requested that the pipeline be removed from the bridge, citing hazards to the public health as a reason for doing so.
Therefore, it is the opinion of this Court that the chancellor was correct in holding that the Highway Commission had a right to request the removal of the pipeline. However, the chancellor was in error when he required the Highway Commission to pay three-fourths of the costs that would result from the removal of the pipeline. This Court now holds that the entire cost of removing the pipeline must be borne by the *210 City of New Albany. This Court further holds that the City of New Albany should be given a reasonable length of time to implement the holding of this Court, with the Chancery Court of Union County to settle any possible conflicts. That portion of the chancellor's opinion which assesses three-fourths of the costs of the pipeline removal against the State Highway Commission is hereby reversed and rendered.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.