I concur with the majority as to reversing this case as to the liability of Officer Jackson. However, I dissent on the court's granting summary judgment as to the liability of the City of Newton based upon sovereign immunity. In Pruett v. City ofRosedale, 421 So.2d 1046 (Miss. 1982) (Bowling, J.), this Court abolished judicial sovereign immunity as of July 1, 1984, and gave the legislature an opportunity to revisit the court-created doctrine of sovereign immunity. Each year thereafter the legislature has repeatedly enacted a one-year extension of the sovereign immunity doctrine as found in Miss. Code Ann. § 11-46-6
(1972). The decision in Pruett has always been an oasis for abolishing sovereign immunity. In that particular case, this Court did not allow the City of Rosedale to have sovereign immunity. Since then, this Court has continued to revisit sovereign immunity and allowed it to stand, saying that they are waiting on the legislature to do something. It is time now, since almost ten years have passed, for this Court to revisit Pruett
and apply it across the board.
The legislature did not create sovereign immunity. This Court did prior to and in the year of 1877 in Brabham v. The Board ofSupervisors, 54 Miss. 363 (1877). Thus we have left the victims who were injured by the State, County, or City to suffer a wrong without a remedy. Our Mississippi Constitution of 1890 has stated in Art. III, Section 24 as follows:
 All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.
This constitutional amendment clearly states that no person shall suffer a wrong without a remedy. It is time for this Court to bring to the forefront Pruett v. City of Rosedale and allow the citizenry the constitutional amendment under § 24 to have a remedy for a wrong committed on them even if it's done by a government entity. Further, to allow a city to have immunity and to allow the employees of the city, such as police officers, to suffer or not be afforded the privilege of the powers of the City to defend is doing an injustice to those employees by requiring them to either seek their own insurance, hire their own attorneys to defend, and even to pay the damages that they have caused all in the name and in the furtherance of the City's business. To allow this judicially created sovereign doctrine to continue to exist under modern times is disadvantageous to both members of the public and members of the sovereign state.
Our sister states of Louisiana, Alabama, and Florida have over sixteen years ago abolished the doctrine. See Board ofCommissioners v. Splendour Shipping Enterprises Co., Inc.,273 So.2d 19 (La. 1973); Lorence v. Hospital Board, 294 Ala. 614,320 So.2d 631 (1975); Hargrove v. Town of Cocoa Beach,96 So.2d 130 (Fla. 1957). In 1982 when Pruett v. City of Rosedale,supra, was decided, there were only five other states which had not taken any action or had not clarified their positions in either abrogating or abolishing sovereign immunity doctrine.
The doctrine of sovereign immunity is an historical anachronism which manifests an inefficient public policy and works injustice upon everyone concerned. It is incredible that in this modern age of comparative sociological enlightenment, the medieval absolutionism supposed to be implicit in the maxim, "the King can do no wrong," should exempt the various branches of the *Page 955 
government from liability for their torts, and that the entire burden of damages resulting from the wrongful acts of the government should be imposed upon the single individual who suffers the injury, rather than distributed among the entire community constituting the government, where it could be borne without hardship upon any individual, and where it justly belongs. Liability is the rule for negligent or tortious conduct; immunity is the exception. Equality is not achieved by artificial exceptions which indiscriminately grant some injured person's recourse in the courts and arbitrarily denies such relief to others. The operative effect of such arbitrary distinctions is incompatible with our established constitutional safeguards. Whatever justification existed for the doctrine that the state is immune from liability for tortious conduct unless the Legislature has consented to suit, that doctrine's day has long since passed.
I would reverse the lower court's ruling as to the City of Newton and say that the city, being the master of the employee Charles Jackson, would be held accountable for his actions and remand for a trial.