W. H. STOWERS *v.* POSTAL TELEGRAPH CABLE CO.

TELEGRAPH COMPANIES. *Streets. Abutting owner. Compensation.*

> Whether the fee in a street is in the abutting owner or in the public, a municipal corporation cannot authorize a telegraph company to construct its line along a public street without first making compensation to such owner, since the line, being no part of the equipment of the street but foreign to its use, is an additional servitude.

| 68 | 559 |
| 71 | 252 |

| 68 | 559 |
| 77 | 536 |
| 68 | 559 |
| 84 | 11 |
| 68 | 559 |
| 87 | 320 |

| 68 | 559 |
| 95 | 273 |

FROM the chancery court of Warren county.

HON. CLAUDE PINTARD, Chancellor.

The act of March 16, 1886 (Laws, p. 93), authorizes the construction of telegraph lines through public lands of this state, and on, across and along all highways, streets and roads. Referring to telegraph companies, § 1067, code 1880, is as follows : " Such companies, or associations, shall be responsible for any damage which any person may sustain, by the erection, continuance and use of such line, and the fixtures thereof ; and in any action for the recovery thereof, brought by any owner or possessor of land over or along which such line may run, damages shall be assessed for the permanent continuance of such line and fixtures, and on payment thereof, the right to continue and use such line and fixtures shall exist, as if by leave and license of the owner of the land."

The appellee made a contract with the corporate authorities of the city of Vicksburg to build its telegraph line along one of the public streets of that city. The appellant, Stowers, filed the bill in this case to enjoin the company from putting up one of its posts for the telegraph line in front of his lot. The record shows that the post was put on the side-walk next to the curbing about eight feet from complainant's store building without his consent and against his protest. It was alleged that this greatly damaged complainant. The bill also alleged that complainant owned the lot to the centre of the street in front of his building, subject only to the easement contemplated when the street was dedicated. The answer admitted the ownership of the lot, but denied that complainant was entitled to the use of the street to its centre free from obstruction.

On motion to dissolve the injunction, evidence was heard and the

injunction was dissolved. From the decree of dissolution, plaintiff appealed. In view of the opinion, it is not necessary to make any further statement of the case.

*Birchett & Shelton,* for appellant.

1. We submit that appellant owned the fee to the middle of the street, but whether he did or not is immaterial. The erection of a telegraph line imposed an additional servitude on the land. *Theobold* v. *Ry. Co.,* 66 Miss. 279 ; *Ashley* v. *Port Huron,* 20 Am. Rep. 628 ; Elliott on Roads and Streets, §§ 533, 536 ; *Telegraph Co.* v. *Williams,* 11 S. E. Rep. 106 (86 Va. 696).

2. This being an additional servitude, the telegraph line could not be erected along the street in front of appellant's lot without condemnation proceedings and making due compensation. *Telegraph Co.* v. *Williams, supra ; Stewart* v. *Railroad Co.,* 7 S. & M. 568 ; *Railroad Co.* v. *Payne,* 37 Miss. 700.

Neither the act of 1886, under which the defendant proceeded, nor § 1067, code 1880, can be so construed as to authorize this taking of complainant's property without due compensation. If they could be so construed, they would be violative of § 17 of the bill of rights in the constitution.

*Warren Cowan,* for appellee.

1. The legislature has never contemplated that giving the right of way for the erection of telegraph lines along public highways or streets was taking private property for public use. I have not been able to find any decision in this state holding that a railroad or telegraph company can be enjoined from constructing its line in the public street where authority has been granted for such construction by the legislature and by the municipal authorities. I cannot believe that the court will now hold unconstitutional the statute which has been in force in this state more than ten years. The language of Judge Arnold in *Theobold* v. *Railway Co.,* 66 Miss. 279, relied on by opposite counsel, is clearly *obiter.* There was no taking of private property in this case. The state of Mississippi and the corporate authorities of the city of Vicksburg had authorized the telegraph company to construct its lines on the public

streets.   The authorities are conflicting as to whether this would be a taking of private property for public use.   See 1 Am. Ry. & Cor. Rep. p. 47–54.

But I submit that the reasoning of the court in the case of *McQuaid* v. *Railway Co.*, 5 Pac. R. p. 26 (18 Oregon, 237), will satisfy the court that this is not a taking of private property for public use, unless ingress and egress is prevented.

As it has been held in this state that an abutting owner is not the owner of the fee to the centre of the street, appellant can claim nothing on this technical ground.   *Briel* v. *Natchez*, 48 Miss. 423.

2.   But if the court should hold that this is taking private property, the only ground for contending that § 1067, code of 1880, is unconstitutional, is that the owner shall bring his action for damages after the line is constructed.   It is not unconstitutional. *Cage* v. *Trager*, 60 Miss. 563.

It has been held in many cases that the owner may lose his right to maintain his suit for injunction, although not precluded from maintaining an action for damages.   This rule rests upon public policy, the court holding that the public have such an interest in the maintenance and operation of railroads and telegraph lines as precludes a private individual from enjoining the construction or operation of the same.   Elliott on Roads and Streets, 536, note 7, and cases cited; 59 Pa. 290; 20 N. H. 233; 17 Minn. 215; 41 Mich. 453; 114 Ind. 198; 113 Ib. 233; 26 N. J. Eq. 359; 106 Ill. 60; 23 West Va. 451.

An injunction will lie when access to the property is cut off, but such is not the case at bar.

*McIntosh, Williams & Russell*, on the same side.

We do not concede the legal proposition that placing a telegraph pole on the sidewalk is such an additional servitude as entitles the adjacent owner to damages.   The decision of this court in *Theobold* v. *Ry. Co.*, 66 Miss. 279, does not establish such a proposition. The reasoning of Judge Arnold in delivering the opinion had reference to the obstructions that would be occasioned by filling a

street with railroad tracks, and that reasoning has no application to this case.

The opinion of the Supreme Court of Massachusetts in the case of *Pierce* v. *Drew* upon this question, wherein it was held that an additional servitude is not imposed by the appropriation of a public highway for the use of a telegraph line by the erection of poles and wires, and that a statute is constitutional, though it makes no provision for compensation to the owner of the fee in the highway, it seems to us is conclusive. We will not however enter into a full discussion of that principle, as, in our opinion, it does not enter into the issue before the court. The telegraph line was authorized to be erected by the city of Vicksburg. On this point see 2 Dill. Mun. Cor. § 698, and cases cited.

By § 1067, code 1880, telegraph lines are authorized to be constructed, and it is provided that any person who may sustain damages in consequence thereof, may bring an action for the same ; and in "any action for the recovery thereof, brought by any owner or possessor of land over or along which such line may run, damages shall be assessed for the permanent continuance of such line and fixtures, and on payment thereof the right to continue and use such line and fixtures shall exist."

Argued orally by *S. M. Shelton*, for appellant, and *Warren Cowan*, for appellee.

COOPER, J., delivered the opinion of the court.

There is some conflict in the authorities, but the decided weight is to the effect that telegraph companies form no part of the equipment of a public street, but are foreign to its use, and that where the abutting owner is the owner of the fee to the centre of the street he is entitled to additional compensation for the additional burden placed upon his land. Lewis on Eminent Domain, § 131 ; citing *Tel. Co.* v. *Barnett*, 107 Ill. 507 ; *Dusenbury* v. *Tel. Co.*, 11 Abb. Cases. 440 ; *Tel. Co.* v. *Lead Co.*, 50 N. Y. Supr. Ct. 488 ; *Broome* v. *Telegraph Co.*, 42 N. J. Eq. 141 ; contra, *Hewett* v. *Tel. Co.*, 4 Mackey, 424 ; *Pierce* v. *Drew*, 136 Mass. 75 ; *Building Association* v. *Tel. Co.*, 88 Mo. 258.

Though the question was not involved in the decision of the cause then before the court, Arnold, C. J., in *Theobold* v. *L. N. O. & T. Ry. Co.*, 66 Miss. 279, stated, in delivering the opinion of the court, that there was no difference in right in cases where the owner of the abutting land owned the fee to the centre of the street and those in which the fee was in the public.    To that declaration, and upon the authorities there cited, we now give the force of decision.

It follows that it was not competent for the city of Vicksburg, by the action of its municipal authorities, to authorize the erection of the telegraph wires by the telegraph company to the injury of appellant, without having first made compensation to him for the injury inflicted upon him.    The authority granted by the municipality would protect the company in its interference with the rights of the public, which is represented by the local authorities.    But it cannot operate to withdraw from the appellant his right of property and confer it upon the company.    That right is secured by constitutional provision, and can only be obtained by the exercise of the right of eminent domain, and upon due compensation being first made.

*The decree is reversed, the injunction reinstated and cause remanded.*