| 71 | 247 |
|----|-----|
| 87 | 320 |

| 71 | 247 |
|----|-----|
| 88 | 487 |
| 89 | 261 |

### Alabama & Vicksburg Railway Co. *v.* Elias Bloom.

1. **Railroads.** *Appropriation of streets. Compensation to abutting owner.*

   A railroad company, even under license from the municipality, cannot construct its track along a public street of a city without first making compensation for any consequent damages to abutting owners, and this whether the fee of the street be in the owner or in the public. *Stowers v. Telegraph Co.*, 68 Miss., 559.

2. **Same.** *Compensation for property damaged. Constitution 1890, § 17.*

   Section 17, constitution 1890, enlarges the previous rule on the subject, in that it provides that private property cannot be taken *or damaged* for public use except on due compensation first being made to the owner.

3. **Same.** *Measure of damage to abutting owner.*

   In an action by the abutting owner against a railroad company, resulting from the appropriation of a street for a switch, it is proper to instruct that if the construction and maintenance of the switch and the uses to which it is devoted by defendant, render the ordinary use and occupation of the property physically uncomfortable to plaintiff, he is entitled to recover such damages as will compensate him for the consequent discomfort and inconvenience, if any, he has suffered in the enjoyment of his property.

4. **Same.** *Damages when natural and necessary. Constitution 1890, § 17.*

   The railroad company cannot escape liability under § 17, constitution 1890, merely because the damages to such abutting owner are only such as necessarily and naturally arise from the proper management and conduct of its trains on said track.

From the circuit court of the first district of Hinds county. Hon. J. B. Chrisman, Judge.

The allegations of the declaration are stated in the opinion, and, since the court holds that they are sustained by the evidence, it is not necessary to set out the testimony. It may be proper, however, to state that plaintiff had only a life-estate in the residence in question.

The court, at the request of plaintiff, instructed as follows:

" 1. If the jury believe from the evidence that the construction and maintenance of the switch by defendant, and the uses to which it is devoted by defendant, rendered the ordinary use and occupation of the property physically uncomfortable to plaintiff, then plaintiff is entitled to recover such damages, if any, as the jury may consider will compensate him for the discomfort and inconvenience, if any, as he suffered in the enjoyment of his property by such construction, maintenance, use and occupation.

" 2. The ordinance of the city of Jackson cannot affect plaintiff's right to recover damages for the injuries sustained, if any, to his enjoyment of his property."

The following instructions asked by the defendant were refused:

" 3. If the jury believe from the evidence that defendant company constructed its railroad track up Commerce street under an ordinance of the city of Jackson, the real owner of the street, and, under like sanction and authority, operated its trains thereon, without any loss or inconvenience to the plaintiff, except such as naturally and necessarily arises from the proper management and conduct of its trains, they will find for defendant.

" 4. The standing of cars on the said track or switch, unless prohibited by city authorities, even if they stood in front of the plaintiff's premises, does not constitute any ground of action in his favor against the defendant company, unless they are left so standing for an unreasonable time or beyond the time necessary for the proper management of defendant's trains and the delivery and receipt of freight."

The jury found for the plaintiff, and fixed his damages at one thousand dollars. From a judgment in accordance with this verdict, after motion for new trial overruled, the defendant appeals.

*W. L. Nugent,* for appellant,

Filed a lengthy brief with numerous citations of authori-

ties, seeking modification of the doctrine of this court announced in *Theobold* v. *Railway Co.*, 66 Miss., 279, and *Stowers* v. *Telegraph Co.*, 68 *Ib.*, 559, and contending especially that the doctrine of those cases should not apply where the fee of the street is in the public, free from any trust or duty, but subject to be disposed of for any purpose that the public may deem proper.   Touching this contention, counsel cites the following cases: 80 Am. Dec., 792; 4 Wis., 321; 48 Ind., 188; 63 Pa. St., 222; 22 Conn., 85; 5 Eng. Ry. & Canal Cas., 552; 59 Am. R., 303; 27 N. Y., 188; 12 Iowa, 246; 24 *Ib.*, 455; 55 *Ib.*, 107; 25 Ill., 516; 38 Mich., 62; 47 *Ib.*, 393; 68 *Ib.*, 392; 26 Albany L. J., 373; 2 Dillon on Mun. Cor., § 712.

An abutting owner who does not own the fee of the street cannot recover for any injury to his freehold resulting from the presence of a steam railway in the street, but only for damages resulting from such misconduct of the railroad company in its management as amounts to nuisance—as, leaving cars standing an unreasonable time, unnecessary noises and dangerous speed.   31 Am. R., 306; 43 *Ib.*, 661; 22 Am. & Eng. R. R. Cas., 150; 90 N. Y., 122.

Appellant took nothing from appellee, who had no property right in the street.   At most, it merely impaired the value of his right to use the street.   The extent of the liability could not be appreciable.   20 Am. & Eng. R. R. Cas., 125.

The measure of damages adopted in this case is improper, and it was error to allow plaintiff damages for the discomfort and inconvenience which he may have suffered.   The rule for measuring the damages has not been definitely fixed in this state.   The usual question is as to what extent his egress and ingress, access to and use of the street, were impaired; or else the question is as to the diminished value of the lot by reason of the new servitude.   Clearly, on the latter basis, appellee is without right, since he has only a life-estate in the lot.   If no land of plaintiff is taken or touched in the construction or operation of the public work, there

can be no claim for damages for any consequential injuries. 3 Sutherland on Dam., 431. See also 20 Am. & Eng. R. R. Cas., 125. Many cases in which the injured party's rights were protected, proceed under the constitution, which provides that private property shall not be taken " or damaged" for public or private use without just compensation. I submit that, under the authorities, the instructions asked by defendant should have been given, and those asked by the plaintiff should have been refused.

*Calhoon & Green,* for appellee.

1. The evidence discloses a flagrant violation by appellant of the rights of appellee. Notwithstanding protest of the latter, the railroad company commenced and completed and has maintained the nuisance complained of.

2. We rely for affirmance on the following authorities: *Theobold* v. *Railway Co.,* 66 Miss., 279; *Stowers* v. *Telegraph Co.,* 68 *Ib.,* 559; 2 Waterman on Cor., 445; 3 Sutherland on Dam., 397, 398; 108 U. S., 334. It will be noted that the laying of the track against defendant's protest was after the adoption of the constitution of 1890, § 17 of which provides that private property shall not be taken *or damaged* for public ·use without compensation.

Argued orally by *W. L. Nugent,* for appellant, and *S. S. Calhoon,* for appellee.

WOODS, J., delivered the opinion of the court.

This was an action instituted by Elias Bloom against the Alabama and Vicksburg Railway Company for damages resulting from the construction of a track along and upon the street, in the city of Jackson, on which his residence was situated, and where he had lived for twenty or thirty years; and Bloom alleged in his complaint that said track was laid down without his consent and over his protest; that, in the construction of said track, the railway company tore up and

destroyed a stone crossing, which he had laid more than twenty years ago, to enable himself and family to go over the street on their way to the business portion of said city dry shod and without wading in mud; that said track, when laid down, was, in effect, used merely as a side-track, and that the street and the crossing at his place of residence was often blocked by cars and trains of cars so as to seriously interfere with ingress to and egress from his home, as he had theretofore been accustomed to enjoy the same; that night was made hideous with the din and noise of engines and cars on said track, and the very air about his home polluted with the stench arising from droppings of live animals loaded on cars on said track, and from filth dumped out near his premises, to the great inconvenience and discomfort of himself and his family, and to the damage of his residence property. The declaration concedes that the fee in said street is in the city of Jackson, and that said city had, unlawfully, authorized the construction of said track; but the plaintiff also averred that the municipality of Jackson held such title to the street, in contemplation of law, in trust that the same should be used as a public street, and that his rights, as an abutting lot owner, were to have free access to and from his property over said street, and to make such use of it as was customary and reasonable, and free from unusual, dangerous and permanent obstruction therein, and free from nuisances therein, or any misuse thereof which diminished his comfort as an abutting lot owner, or the value of his property, unless upon legal condemnation and payment of damages first made.

It will be well to bear in mind that the construction of the said track and the infliction of the said supposed several injuries were after the adoption of the constitution of 1890. Section 17 of that instrument declares that " private property shall not be taken *or damaged* for public use except on due compensation being first made," etc.

Without examining in detail the several pleadings and

the rulings of the court below thereon, it is sufficient to say we find no errors in any of these.

The questions raised were, substantially, whether Bloom could recover on the case stated in his declaration, the fee to the street being in the municipality; and whether, in any event, Bloom's property had suffered such damage, flowing from the acts of the railway company, as warranted the recovery.

The first question was answered affirmatively in a declaration, not of the force of settled adjudication, in the case of *Theobold* v. *Louisville, New Orleans & Texas Railway*, 66 Miss., and was again affirmatively and authoritatively answered by the decision of this court in the case of *Stowers* v. *The Postal Telegraph-Cable Company*, 68 Miss. In this latter case, Stowers averred ownership in fee in himself to the middle of the street. The answer of the telegraph company denied this averment of the bill, and no proof whatever was taken on this point. Upon elementary principles, we were shut up to treat the fee of the street as in the municipality of Vicksburg; and on this state of case, in which the question was distinctly presented, we held that no different rights were involved in such cases, no matter whether the fee was in the public or in the abutting lot owner. We have carefully considered the elaborate argument of the learned counsel for appellant, seeking to convince us of the propriety of overruling our former decision in the case last named, but we find no reason to shake us in our conviction of the perfect soundness of our former opinion.

It is impossible to imagine a state of facts which would authorize a recovery in such cases as the one at bar, if the declaration and evidence in this litigation does not show it. We are not called upon to express any opinion as to the rightfulness of a recovery in cases not embraced in our constitutional provision for compensation for *damages* to private property, as well as the taking of the same for public use. The learned counsel seems to concede that a recovery could

be had in this and similar cases if the words "or damaged" were in our organic law. The counsel, of course, failed to note the insertion of these enlarging words in our present constitution.

We are unable to say we feel such dissatisfaction with the amount awarded as would authorize us to pronounce it excessive, and so require us to set aside the judgment of the court below and award a new trial.

*Affirmed.*