YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY v. JULIUS LEFOLDT.

[39 South. Rep., 459.]

MUNICIPALITIES.    *Railroads.    Streets.    Changing    grade.    Constitution 1890, sec. 17.    Abutting owners.    Damages.*

   A municipality, being itself without power to do so (Constitution 1890, sec. 17), cannot authorize a railroad company to raise the grade of a street to the damage of abutting lots freed from liability to the owners of such lots.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Lefoldt, the appellee, was plaintiff, and the railroad company, the appellant, was defendant in the court below.    From a judgment in plaintiff's favor the defendant appealed to the supreme court.    The facts are apparent from the opinion of the court.

Section 17 of the constitution of 1890 is as follows: "Private property shall not be taken *or damaged* for public use, except on due compensation being first made to the owner or owners thereof in a manner to be prescribed by law; and whenever an attempt

is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and as such determined without regard to legislative assertion that the use is public."

*Mayes & Longstreet,* and *C. N. Burch,* for appellant.

If the plaintiff was damnified, it is *damnum absque injuria.* The charter of the city of Vicksburg will be found in Laws 1884, p. 422.    Article 15 gives to the municipality the authority "to establish all necessary regulations for the protection of sidewalks, gutters, and streets from injury by improper use, and from being in any wise impeded to the public use;" and art. 25 authorizes the city "to cause or procure any street or alley in said city to be paved or turnpiked or graveled at the cost and expense of the lots fronting the same, to be apportioned," etc.; and art. 26 authorizes the city "to close or vacate streets when deemed proper, and to lay out, establish, alter, extend, and control the grades of all streets, highways, roads, and alleys within the limits of the corporation," etc.

There was, therefore, in the city itself ample authority to do the thing which is complained of in this instance, and in such case the plaintiff has no cause of action against the city, it not being shown in this record that his improvements were ever made based upon any grade of the street established by any order of the board.    27 Am. & Eng. Ency. Law, 122.

If the city had the right to grade this street for the public convenience free from any liability to the plaintiff, it would seem clear that the railroad company, dressing the street in order to put it in proper condition so that it could be used by the public, in response to complaints and orders made by the municipal authorities about the condition of the street, would not be responsible in damages, because it was not doing a thing which as to the plaintiff was unlawful.

The case in its essential features is like that of *Fries* v. *New*

*York, etc., R. R. Co.,* 24 Am. & Eng. Ency. Law (R. R. Cas.), 316, 319 (62 N. E. Rep., 358); *Gulf Coast Co.* v. *Bowers,* 80 Miss., 570, 583 (s.c., 32 South. Rep., 113).

*Brunini & Hirsch,* and *Dabney & McCabe,* for appellee.

Neither the city nor the railroad company had any right to raise the street in front of plaintiff's property to his damage. They were joint tort-feasors; they would be equally liable to the plaintiff for the damage in such case. The rights of an abutting owner on a street have been settled by this court in the case of *Theobold* v. *L., N. O. & T. R. R. Co.,* 66 Miss., 279 (s.c., 6 South. Rep., 230), and in the case of *Stowers* v. *Postal Tel. Co.,* 68 Miss., 559 (s.c., 9 South. Rep., 356).

By sec. 17 of the constitution of 1890 it is provided that "private property shall not be taken or damaged for public use," etc., those words, "or damaged," being an addition to the provision on this subject in the former constitution. The evidence in this case showed that the damage done to plaintiff's property ranged from $1,500 to $3,000, according to the estimate of witnesses. No witness fixed the amount below $1,500, and the verdict of the jury fixed the damage at that amount.

CALHOON, J., delivered the opinion of the court.

In an action for damages to his real property, caused by raising the grade of the street in front of it, the plaintiff below, appellee here, showed in evidence that the defendant company did raise the street several feet; that this damaged his property to the amount of his recovery; that there was a grade of the street established and the street paved with rock by the city of Vicksburg, and that this was raised by defendant by the deposit of gravel, and that it was not necessary to raise the grade in order to keep it in repair with gravel. It appeared in the progress of the trial that (quoting from the record) "the defendant here offered to prove that under the ordinance of the city of Vicksburg granting the Louisville, New Orleans & Texas Railroad

Company, of which the defendant company is the successor by virtue of consolidation, its right of way in said street, the railroad company was required to gravel this street and keep it graveled, and that it further required the railroad company to keep the rails of its track flush on a level with the street; that from time to time the board of mayor and aldermen would notify the defendant company to put gravel upon this street, and from time to time in pursuance of this notice the defendant company for several years past has each year spread gravel over the street; that the effect of this has been to raise the street, and in order to keep the track level or flush with the street that they raised their tracks to correspond with this raised grade. This proof was objected to, the objection was sustained, and the defendant excepted."

Disregarding technical objections, it is not easy to find in this ordinance or the proceedings under it authority to raise the street or change the grade. But we think the result should be the same if the ordinance purported to give such authority. The city must have the power before it can transfer it to appellant, and it did not have the power to so damage appellee without previous compensation. In reaching this conclusion we have examined, pro and con, the following: *Theobold* v. *L., N. O. & T. R. R. Co.,* 66 Miss., 279 (6 South. Rep., 230; 4 L. R. A., 735; 14 Am. St. Rep., 564); *Stowers* v. *Postal Tel. Co.,* 68 Miss., 559 (9 South. Rep., 356; 12 L. R. A., 864; 24 Am. St. Rep., 290); *A. & V. R. R. Co.* v. *Bloom,* 71 Miss., 247 (15 South. Rep., 72); *Vicksburg* v. *Herman,* 72 Miss., 211 (16 South. Rep., 434); *O'Brien* v. *Philadelphia,* 30 Am. St. Rep., 844, note; *Conners* v. *Y. & M. V. R. R. Co.* (Miss.), 38 South. Rep., 320; *Gulf, etc.,* v. *Bowers,* 80 Miss., 570 (32 South. Rep., 113; 27 Am. & Eng. Ency. Law, 122); *Fries* v. *N. Y., etc., R. R. Co.* (N. Y.), 62 N. E., 358; Const. Miss., sec. 17; Charter City of Vicksburg, Acts 1884, ch. 391, arts. 15, 24, 26, sec. 28, pp. 439, 441, 442.

*Affirmed.*