J. B. White's Garage, Inc., *v.* Town of Poplarville
*et al.**

(Division B. April 1, 1929. Suggestion of Error Overruled April 15,
1929.)

[121 So. 295. No. 27793.]

*Corpus Juris-Cyc References: Eminent Domain, 20CJ, section 140, p. 672, n. 20; section 153, p. 694, n. 61; Municipal Corporations, 44CJ, section 2488, p. 323, n. 32; section 2654, p. 432, n. 29. On liability of a municipal corporation for injury to abutting property from changing grade of a street under a constitutional provision against "damaging" private property for public use without compensation, see annotation in 36 L. R. A. (N. S.) 1194; L. R. A. 1915A, 382.

See, also, 149 Miss. 383, 115 So. 334.

*Morse & Bryan,* for appellant.

*J. C. Shivers* and *John C. Street,* for appellee, town of Poplarville.

*Henry Mounger* and *Hall & Hall* also filed a brief for appellee, Sam B. Boyd.

Argued orally by *W. E. Morse,* for appellant, and *J. C. Shivers* and *Lee Hall,* for appellees.

ETHRIDGE, P. J. Appellant filed suit in the circuit court of Pearl River county against the town of Poplarville and Sam B. Boyd, the contractor employed to improve the streets of said town and pave same. Appellant is a corporation, operating a filling station and showroom in the town of Poplarville on one of its streets, said filling station having been erected subsequent to 1920. Prior to that time the grade of the city streets had been made by a surveyor named Ball. The city had improved the street with a gravel coating whereby the center of the street was elevated above the sides of the street.

The appellant garage put in a drain pipe, or tile, on

said street next to it, and then cut down on the abutting lot an entrance putting the dirt over the tile drain and into the street in such manner as to raise the side of the street approximately to the level of the center of the street with proper sloping grades so as to make an entrance to the garage easy of access.

There was no order on the minutes of the municipality undertaking to give the garage the right to fill in the street, but no objection was made thereto and such condition remained for a number of years. Finally, the town of Poplarville decided to pave this street, and, in doing so, moved the dirt and gravel placed in the street by the garage to make the street practically level. The city also cut down the street at the center from three inches to ten or eleven inches, varying at different points, and the pavement was laid by the contractor, Boyd, on the original grade at the side of the street as made by Ball, but the center of the street was somewhat lowered, and, as stated above, the dirt and gravel fill, placed by the appellant in the street with the apparent acquiescence of the town, was removed as well as the drain pipe.

The appellant filed suit alleging that it was the owner of the land upon which the building was situated. In the proof it developed that the deed to the house and lot was in the name of J. B. White, individually, and not in the name of the corporation. But the equitable title seems to have been in the appellant, and it was actually using and occupying the garage in the conduct of its business.

The case was submitted to a jury, which found for the appellees.

The principal contention of the appellant is that it should have been granted a peremptory instruction on liability. This is based upon the proposition that the town of Poplarville had consented to appellant making an entrance into the street and to the garage, and that the town, after permitting the same, could not thereafter

remove it to the damage of the appellant without compensation in damages, under section 17 of the Constitution.

It is contended by the appellees that the peremptory instruction should not have been granted, and that it was rightfully refused, because the plaintiff had no title to the garage and to the lot upon which it was situated, and, consequently, that it had no standing to bring suit for damages as an abutting property owner; and, second, that the city had the right, at that time, to remove the dirt and gravel, as obstructions, from the street whenever it was deemed necessary or proper, as it had been put there under a temporary arrangement, and that the only way in which a city could change a grade so as to effect the public or property owners was by an order entered upon its minutes made in a proper and legal way.

It appears to us that under section 17 of the Constitution any person whose property is damaged in making improvements, or whose legal rights are invaded in doing so, is entitled to damages. In *Vicksburg* v. *Herman,* 72 Miss. 211, 16 So. 434, the court held that this section applied to municipalities and to all other persons, natural or artificial, and that a city, by lowering an established grade thus injuring an abutting property owner, must compensate such owner for all damages sustained thereby. In that case damages were held to include all kinds of damages, direct and collateral, and attention was called to the words ''or damaged'' in the Constitution.

Different persons may have different interests in abutting property, and, where that is true, each of them is entitled to compensation for his injury. It is the purpose of the constitutional section to give each person having a right of property damages which have accrued to that interest or right of use of property by the improvement or taking, as provided by section 17 of the Constitution. See cases cited in Mississippi Constitu-

tions, pp. 99 to 105; *Vicksburg* v. *Herman, supra; Robinson* v. *Vicksburg,* 99 Miss. 439, 54 So. 858. The effect, therefore, of the legal title not being in the plaintiff, is not to preclude any recovery by it. It was using said property under a claim of title as against the owner of the building, and had a right to recover damages, if any accrued by any act of the municipality; but we think the suit must fail because prior to the erection of the garage, and prior to the establishment of the business by the appellant, the city had established the grade of the street, and mere permission by the city for the appellant to fill in the street with dirt and gravel and put in a drain pipe so as to raise the level of the street to the level of the abutting property did not preclude the city from removing these obstructions when it became proper and necessary for the improvement of the street. It was a mere license, at most. No order had ever been entered upon the minutes for so doing. It could not have any effect as a contract, although it may have been verbally understood between the city authorities and the owner at the time of making the fill that it would be permitted to do so. The only way that a city could be deprived of its right to use the grade established would be by establishing a new grade by a proper order on its minutes. The streets of a city are for the use of the public, and when a grade has been established all damages accrue at once which result from such establishing, although the actual conditions under which damages are suffered may thereafter operate. In other words, in the present case, whatever damages were caused the abutting landowner accrued at the time the grade was established, and, if such damages were not then claimed, or, if claimed, and were paid, that would foreclose future actions and contentions growing therefrom.

We therefore think that the appellant's case, as developed, did not present a case entitling him to recover damages, and that the proof shows that the grade was not

lowered beyond the grade established by Ball prior to the erection of the garage and the making of the entrance thereto.

We find no error warranting us in reversing the judgment of the court below, and it will therefore be affirmed.

*Affirmed.*