CITY OF KOSCIUSKO *v.* JENKINS.

(Division A. Nov. 14, 1932.)

[144 So. 467. No. 30199.]

**H. T. Leonard,** of Kosciusko, and **W. E. Morse,** of Jackson, for appellant.

**J. D. Guyton,** of Kosciusko, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Attala county awarding to the appellee, R. W. Jenkins, who sued by his guardian, Mrs. Hattie A. Jenkins, three hundred dollars as damages to his property resulting from a change in the grade of the street upon which it abuts.

The lot upon which the appellee's residence and appurtenances are constructed is at the intersection of Wells and South streets in the city of Kosciusko, and the improvements thereon were constructed with reference to the natural grade of these streets; no official grade having, at that time, been established. On the natural grade of the street, the city constructed a concrete sidewalk along Wells street in front of appellee's property. Long afterwards, the city paved Wells street with concrete, and in doing so raised the grade of that street about one foot and filled it in to accord with the official grade then, for the first time, established. South street was also filled in to raise it to the same grade as Wells street. The result of raising the grades of these streets and filling them in, according to the evidence offered by the appellee, was to obstruct the drainage of appellee's lot and premises, and to increase the flow of water over said premises, and to cause water to accumulate and stand thereon, thereby greatly damaging his property. The evidence showed that the cost of filling in appellee's lot to the grade of the street would be three hundred eighty-five dollars, and that to so raise the surface of the lot would result in leaving the sidewalk in a depression with a bank or wall about one foot high on each side thereof. There was also evidence to the effect that it would cost about one hundred dollars to rebuild the sidewalk to the level of the street grade.

The appellant contends that the court should have granted the peremptory instruction requested, for the reason that the alleged damage did not result from a

change of an official grade previously established, and, in support of this view, the case of White's Garage v. Town of Poplarville, 153 Miss. 683, 121 So. 295, 297, is relied upon.

Upon this point, the case of City of Jackson v. Williams, 92 Miss. 301, 46 So. 551, 554, appears to be controlling. The court there said that: ''Under our Constitution it can make no difference whether the damage is occasioned by the initiation of the grade for the first time or the altering of an established grade. . . . Under our Constitution, where property owners have built their property with reference to a particular grade in a municipality, that grade cannot afterwards be changed, so as to produce damage to the property owner, without compensating him for the damage done. This is just as true of a case where a municipality has failed theretofore to establish a grade, and initiates it for the first time, as of the case when, once having established it, it is changed. The natural surface of the street, acquiesced in for a long while by the city, and to which the city has allowed its citizens to conform their buildings, may fix just as firmly an established grade, within the meaning of the Constitution prohibiting private property from being taken or damaged without due compensation, as if fixed by a corps of engineers. Nothing contrary to this is held in the case of Vicksburg v. Herman, [72 Miss. 211, 16 So. 434], but the doctrine herein declared is expressly recognized there.''

There is nothing in the case of White's Garage v. Poplarville, that is in conflict with the above-expressed views of the court. In that case, there was an officially established grade of the street. Without a municipal order permitting it so to do, the abutting property owner raised the side of the street next to its property, in order to effect an entrance to its garage. Thereafter, the city paved the street on the originally established grade, and in so doing removed the dirt and gravel which the property owner had placed at the edge of the street

to raise it above the established grade. There was no change of the established grade, and the court held that on these facts there could be no recovery, since "whatever damages were caused the abutting landowner accrued at the time the grade was established, and, if such damages were not then claimed, or, if claimed, and were paid, that would foreclose future actions and contentions growing therefrom."

What we have said in reference to the refusal of the peremptory instruction requested by the appellant disposes of its second assignment of error, which, in effect, presents the same point.

On the measure of damages, the court below instructed the jury that, "In estimating any such damages you should take into consideration the cost of restoring plaintiff's property to its former level or evenness with the street in front thereof, including the sidewalk in front of the property as shown by the evidence."

In the case of Murphy v. City of Meridian, 103 Miss. 110, 60 So. 48, it was held that the cost of raising plaintiff's residence and filling in the surface of the lot to accord with the grade of the street was a proper element of damages against a municipal corporation for changing the grade of the street; and, in the case at bar, the evidence is uncontradicted that the cost of filling and surfacing appellee's lot to conform to the change in the grade of the street will be at least three hundred eighty-five dollars. In the face of this evidence, the jury returned a verdict for only three hundred dollars, and, if it be conceded that it was error to instruct the jury that in estimating damages they might consider the cost of rebuilding the sidewalk, which we do not decide, the appellant was not prejudiced by such error.

None of the other assignments of error are of sufficient merit to warrant a reversal, and therefore the judgment of the court below will be affirmed.

Affirmed.