PARKER *v.* STATE HIGHWAY COMMISSION.

(Division A.   May 27, 1935.)

[162 So. 162.   No. 31771.]

**F. B. Collins,** of Laurel, for appellant.

214

E. R. Holmes, Jr., Assistant Attorney-General, for appellee.

McGowen, J., delivered the opinion of the court.

Parker, the appellant, brought an action at law against the state highway commission of Mississippi, J. F. Thames, and Barber Bros. Construction Company for damages to his land and residence, located in the city of Ellisville, caused by the construction of a state highway adjacent to and abutting on his property. The state highway commission interposed a demurrer, one ground of which is as follows: "The declaration shows on its face that no property of the plaintiff was taken by the state highway commission in performing the work complained of, and even if plaintiff was damaged by the performance of such work, there is no provision of law which entitles plaintiff to recover such damages from the Highway Commission." The demurrer was sustained. The appellant declined to plead further, and thereupon the court dismissed the suit as to the state highway commission, and from that judgment appeal is prosecuted here.

The declaration charged, in substance, that appellant owned a residence located on state highway No. 11; that the highway ran immediately in front of his residence and across the front of his property; and that prior to 1932 there was a highway with an established grade which was much lower than the lot upon which his resi-

dence was situated. The declaration further charged that the state highway commission, under the authority of chapter 122, Code of 1930 (section 4989 et seq.), entered into a contract with Pigford Bros. for the grading of said highway through the city of Ellisville, and along in front of and across appellant's property. It was further alleged that the contractors, in accordance with the contract, and in accordance with the authority conferred by law, raised the grade immediately in front of appellant's property and cut a considerable ditch there. The following statement is also contained in the declaration: "Plaintiff says that the said highway or street and the said ditch and gutter, as constructed by the authority of the said defendants, as aforesaid, and at their instance, has greatly damaged plaintiff's property, has taken part of his property rights, and has rendered it impossible for plaintiff to enter his premises from the front with any kind of vehicle or to park any kind of vehicle in front of his said premises, and has made a dangerous pitfall immediately in front of his premises, and has taken part of his right, title and interest in said property, and has otherwise injured and damaged his said property in the sum of seven hundred fifty dollars."

It will be observed that the declaration charges that the property was damaged by the injurious acts of the state highway commission in pursuance of a contract authorized by statute.

To sustain and uphold the judgment of the court below the appellee contends that section 17, Constitution of 1890, is not self-executing so as to entitle plaintiff to recover damages from the highway commission, a governmental agency of the state. Embraced in its contention is the theory that the statutes controlling the state highway commission do not, in terms, provide the method by which property damage, within the meaning of section 17 of the Constitution, shall be ascertained, and since the Legislature has neglected to so provide, the state

highway commission may not be sued therefor. Its position is that although the state highway commission may damage the property of a citizen while constructing, reconstructing, and maintaining public highways, in accordance with the statutes, yet that citizen whose property is so damaged is without remedy.

Section 17 of the Constitution of 1890 is as follows: "Private property shall not be taken or damaged for public use except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and as such determined without regard to legislative assertion that the use is public."

Prior to the adoption of the Constitution of 1890, a citizen was only protected against the taking of his property for public use without due compensation; he had no protection against injuries to his rights as owner of private property, less than the appropriation of the property itself. The words "or damaged" were inserted in the section of the Constitution, above referred to, in order to remedy this wrong, and it was the manifest purpose of the framers of the Constitution to protect the citizen in the use and enjoyment of his property, and to guarantee to him those damages which were not embraced within the actual taking of the property. Prior to that time his damages were damnum absque injuria, but since the adoption of this Constitution the burden formerly resting upon the citizen rests upon the agency damaging the property, as well as the appropriation thereof. Since the lawful construction of the highway in question occasioned damage to the private owner, separate and distinct from that borne by the general public, such damage is embraced within the terms and the plain language of section 17 of the Constitution. Municipalities as well as all persons, natural or artificial, are included

within its prohibitions, and a municipality which lowers an established grade of a highway and causes abutting lots to be injured must compensate the owner for all damage sustained thereby. City of Vicksburg v. Herman, 72 Miss. 211, 16 So. 434. This case has been approved by this court a number of times. Ham v. Board of Levee Commissioners, 83 Miss. 534, 35 So. 943; Yazoo & M. V. R. Co. v. Lefoldt, 87 Miss. 317, 39 So. 459; King v. Vicksburg Railway & Light Co., 88 Miss. 456, 42 So. 204, 6 L. R. A. (N. S.) 1036, 117 Am. St. Rep. 749; City of Jackson v. Williams, 92 Miss. 301, 46 So. 551; Tishomingo County v. McConville, 139 Miss. 589, 104 So. 452; White's Garage, Inc., v. Town of Poplarville, 153 Miss. 683, 121 So. 295; City of Kosciusko v. Jenkins, 164 Miss. 235, 144 So. 467. In the Herman Case, supra, this court said, relative to the words "or damaged" in our Constitution: "The words are without limitation or qualification. They embrace within their inhibition all those attempting to convert private property to public use,—artificial as well as natural persons, municipal and other corporations alike,—and they cover all damages of whatever character."

Injury to the adjoining property by the change of grade is damage within the constitutional sense.

We understand counsel for the state highway commission to concede that the damages here alleged to have been sustained by the appellant are within the meaning of the words "or damaged" in section 17 of the Constitution.

Under subdivision (b), section 5006, Code of 1930, the powers of the state highway commission are defined so as to include the performance of such a contract as the one involved in the case at bar. The commission is further authorized to acquire by gift, purchase, condemnation, or otherwise, land or other property whatsoever, that is necessary for a state highway system as therein provided. By section 4998, Code of 1930, the state high-

way commission is vested with authority to institute proceedings to acquire land necessary for road purposes, by condemnation in conformity with the statutes on eminent domain, being chapter 26, Code of 1930 (section 1480 et seq.). Section 4998 also contains the following provision: "The amount of such compensation and damages, if any, awarded to the owner in such proceedings, shall be paid out of the state highway 'construction fund.' The authorities constructing such highway under the authority as is provided for in this section, shall use diligence to protect growing crops and pastures, and to prevent damage to any property not taken."

Section 1491, Code of 1930, provides that the justice of the peace shall instruct the jury that compensation is not only allowed for the value of the property actually taken, but also for the damages, if any, which may result to the owner as a consequence of the taking. By subdivision (c) of section 5006, Code of 1930, the highway commission is vested with the following power: "To enforce by mandamus, or other proper legal remedies, all legal rights or rights of action of the state highway commission with other public bodies, corporations, or persons, and the state highway commission shall be a body corporate, and as such may sue and be sued, plead and be impleaded, in any court of justice having jurisdiction of the subject matter of any such suit."

After an examination of these statutes on the powers of the highway commission, we are convinced that express power and privilege is given the state highway commission to condemn land, to make compensation therefor, and to pay the award out of a certain fund, and all the power granted to public bodies taking private property for public use under the chapter on eminent domain is expressly granted to the state highway commission; and if not by express terms it is clearly implied that private property damaged for public use may

be condemned, although there may not be an actual appropriation of any part of the land.

Appellee relies strongly on the case of State Highway Commission v. Knight, 170 Miss. 60, 154 So. 263, 264, wherein the court used this language: "It is true that section 5006, Code 1930, provides that the state highway commission shall be a body corporate, and may sue and be sued as such; nevertheless, a suit against it will lie only for liability imposed by a statute. State Highway Commission v. Gully, 167 Miss. 631, 145 So. 351." Knight had sued the highway commission because of the negligence of its engineer in so constructing it ditches along the highway as to cause the water of a stream to overflow Knight's farm lands, and the court held that in the absence of a statute so providing a public corporation created an invitum and supported by taxation was not liable for damages caused by negligent acts of its officers and agents, or for their negligent failure to discharge a duty imposed on the corporation by law, or for their doing of unauthorized acts or their negligent doing of authorized acts. In Stephens v. Drainage District, 123 Miss. 884, 86 So. 641, the court held that section 17 of the Constitution was complied with by the Legislature in enacting the statute there in question by the provision therein for the assessment and payment of all damages that would accrue to any landowner by reason of the proposed improvement. These cases do not decide the question here presented.

We have considered the case of State Highway Commission v. Mrs. V. S. Chatham, 161 So. 674, decided by Division B, on Monday, May 20th and find nothing therein which conflicts with the conclusion reached here; this question being there specially reserved.

We say here that by implication the statute authorized the payment not only of compensation for the land, but for damages as well, and conferred all the powers embraced within the eminent domain chapter upon the state

highway commission. But, if we should be mistaken in this view, section 17, Constitution of 1890, is self-executing. Prior to the adoption of this Constitution the Legislature could limit a landowner's recovery to compensation for the land appropriated for public use, but as section 17 now exists it is quite clear that any effort on the part of the Legislature to shield the government or any arm thereof from payment of damages occasioned by it on the appropriation of land would be futile and of no effect. Before our Constitution was adopted, sections similar to the one here under consideration had been construed by the courts of other states as being self-executing. Section 17 of the Constitution is mandatory.

In 12 C. J. 732, sec. 114, we find the following provision: "A constitutional prohibition against taking private property for public use without just compensation therefor is self-executing, even though the method of ascertaining such compensation is left for legislative determination. When the constitution forbids damage to private property, and points out no remedy and no statute affords one for the invasion of the right of property thus secured, the common law, which provides a remedy for every wrong, will furnish the appropriate action for the redress of such grievance. But it has also been held that property may not be taken under such a clause until the Legislature has provided a mode of assessing compensation." See case notes.

In the case of Swift & Co. v. City of Newport News, 105 Va. 108, 52 S. E. 821, 824, 3 L. R. A. (N. S.) 404, the court had this question under consideration, and we think the following quotation therein from an Illinois court is pertinent here: "The right of property thus intended to be secured cannot depend upon the mere will of the Legislature. The prime object of the Bill of Rights is to place the life, liberty, and property of the citizen beyond the control of legislation, and to prevent either Legislatures or courts from any interference with or de-

privation of the rights therein declared and guarantied, except upon certain conditions. It would be the merest delusion to declare a subsisting right as essential to the acquisition and protection of property, and make its employment depend upon legislative will or judicial interpretation." As sustaining this view, see Householder v. City of Kansas, 83 Mo. 488; Johnson v. City of Parkersburg, 16 W. Va. 402, 37 Am. Rep. 779; Miller v. Marx, 55 Ala. 322; City of Vicksburg v. Herman, supra.

While not so decided, the conclusion reached here is foreshadowed in the case of Dick v. Atchafalaya Drainage & Levee District, 147 Miss. 783, 113 So. 897, wherein the court said that a public corporation, created in invitum for the purpose of discharging a public function, is liable only for authorized acts of its officers and agents, in the absence of a statute otherwise providing. In the case at bar the action of the highway commission, relative to the reconstruction of this highway, was authorized, the contract was authorized, and the action is not based upon a negligent act of any officer or agent of appellee. The distinction is that this court has held consistently that, in the absence of a statute, corporations created in invitum and supported by taxation are not liable for the negligence of officers and agents, as clearly set forth in the Knight case.

The common-law remedy existing in favor of the property owner for damages to his property, beyond the appropriation thereof, is clear in this case. The Legislature has granted the highway commission in express terms the right to sue and to be sued.

The contention of counsel for the appellee in this case, followed to its ultimate conclusion, would be to deny the right of any citizen to sue even upon contract, because there is no express language in the entire act giving specific authority to sue the state highway commission upon any specific account. It is urged upon us that the result of holding the state highway commission liable

for damages in this class of cases would be a very great financial burden upon the state highway commission. Section 17 of the Constitution replies to this argument firmly, positively, decisively, and unequivocably. The courts of the land, in order to preserve the liberty and rights of the people, must adhere to the plain stipulations of that document, and it would be a sad day in the history of a democratic constitutional form of government if the courts should swerve from the plain mandates of the organic law, which all the people are bound together in solemn compact to uphold and preserve. It is no unusual occurrence for litigants to assert to this court that direct, painful, and destructive results will follow in the event of an adverse decision to the particular litigant. The building of good roads is now thought to be a most desirable object to be attained; but even so, we are convinced that the maintenance of the home, and the right to go in and out of it, travels far toward the goal of this government in its effort to secure for its citizens life, liberty, and the pursuit of happiness.

Reversed and remanded.