Mississippi State Highway Comm., et al. v.
Tomlinson, et ux.

No. 39571 March 28, 1955 78 So. 2d 797

624

*Smith & Hurdle,* Holly Springs; *Matthew Harper,* Asst. Atty. Gen., Jackson, for appellant.

*Fant & Bush*, Holly Springs, for appellees.

Hᴀʟʟ, J.

In 1949 the Mississippi State Highway Commission duly adopted an order authorizing the institution of an eminent domain suit against the appellees for the appropriation of 0.46 acres of land for construction of State Highway No. 4 "as more particularly shown by the plans and specifications for said project on file in these offices, which plans and specifications are made a part hereof by reference." Pursuant thereto a suit was instituted and a copy of said order was attached. The plans and specifications called for a present increase of four feet in the elevation of the grade ·of the highway adjoining appellee's remaining property not appropriat-

ed and for an additional raise of approximately four feet in grade as "probable future construction." In the special court of eminent domain the jury awarded damages to appellees in the sum of $2,500.00 from which there was an appeal to the circuit court. At the August 1949 term a stipulation was entered into between the parties that a judgment be there entered for $3,500.00 damages on condition that appellees be permitted within twenty-one days thereafter to remove all buildings from the land appropriated. On the same day the matter was submitted to a jury on this stipulation and a verdict for $3,500.00 was returned. On the same day a judgment was entered "fixing the due compensation and damages for said defendants at Three Thousand Five Hundred Dollars" and authorizing the applicant to enter upon and take possession of the property condemned "and appropriate it to public use as prayed for in the application and in accordance with the stipulation filed in this cause upon payment to the defendants of the above judgment of $3,500.00."

The judgment was paid and the highway commission, by its contractor, entered upon the land and raised the grade four feet approaching an old bridge which spanned two railroad tracks, and hard surfaced the new grade. The date when this work was completed is not shown by the record.

In 1952 the highway commission, through its contractor, again entered upon the land and constructed a new bridge over the railroads which was four feet higher than the old bridge and they raised the grade of the highway approaching the bridge a maximum of four feet additional. Appellees then brought suit against the highway commission and its contractor for $7,500.00 damages for this increase in grade opposite their property and recovered a judgment for $5,000.00 from which both the highway commission and its contractor appeal.

Several grounds for reversal are assigned but we think it necessary to consider only one which is that the ap-

pellants were entitled to a peremptory instruction which was requested in and refused by the lower court. In considering this point it must be remembered that no additional land has been taken from appellees and that in raising the grade four feet for the second time the commission was only doing what was foreshadowed by the original plans and specifications for the first project which was before the court when the eminent domain judgment was entered.

In Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 868, 198 So. 565, we said: "The compensation awarded the landowner in an eminent domain proceeding is conclusively presumed to include all damages resulting to him from the proper use of the land taken, here specifically from the proper construction of the contemplated highway." Numerous Mississippi cases are cited supporting this rule.

In the case of Rand v. Mississippi State Highway Commission, 191 Miss. 230, 237, 199 So. 374, Chief Justice Smith, in a concurring opinion stated the same rule in slightly different language as follows: "* * * the statute does not contemplate that counties and the Highway Department, when taking land for highway purposes, should limit the construction of the highway to a particular plan, and when the highway is to be paved, as this one is, to any particular character of paving. In other words, the statute contemplates that the counties and the Highway Department shall have a free hand in constructing the character of a highway that most nearly conforms to the public interest and welfare. What satisfies this requirement on one day may fail to do so on the next."

Appellees rely on Parker v. State Highway Commission, 173 Miss. 213, 162 So. 162, in which Parker brought suit against the highway commission for damages to his property by reason of a change in grade of Highway 11 abutting his property, and this Court there held that under Section 17 of the Mississippi Constitution private

property cannot be damaged without due compensation to the owner. We are in full accord with that decision but we think it has no application here. In that case none of Parker's land had been condemned and he had received no compensation for the damage done to his property. In the case at bar the commission had condemned appellees' land and had paid him $3,500.00 on a jury verdict which under our decisions is conclusively presumed to include all damages resulting from a proper use of the land taken.

Our decisions find abundant support in the authorities from other jurisdictions. In 29 C. J. S., page 1370, Eminent Domain, Section 328, it is said: "Applying the principles stated above, it is the rule, subject to statutory exceptions, that the owner must recover in one proceeding all the damages which have resulted, or are reasonably likely to result in the future, from a proper construction and operation of the improvement, and no subsequent action will lie to recover items which were or might have been considered in the original proceeding, the presumption being that all proper damages were considered in such proceeding." The Hillman case, supra, and authorities from seventeen other jurisdictions, are cited in the notes as supporting the above rule.

It is our conclusion, therefore, that appellee's judgment in the eminent domain court covered all damages which might reasonably result to them from the construction of the highway in question and that they are not entitled to any further damage resulting from the second elevation of the grade of the highway. For this reason the peremptory instruction should have been granted to appellants. The judgment of the lower court is therefore reversed and judgment here entered in favor of appellants.

Reversed and judgment here.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.