344 So.2d 471 (1977)
JACKSON MUNICIPAL AIRPORT AUTHORITY
v.
Mrs. Bessie Bradshaw WRIGHT, et al.
No. 49341.
Supreme Court of Mississippi.
April 6, 1977.
Perry, Phillips, Crockett, Morrison & Herring, Robert E. Perry, Jackson, for appellant.
Butler, Snow, O'Mara, Stevens & Cannada, Roger C. Landrum, Kenneth W. Barton, Stephen W. Rosenblatt, Jackson, for appellees.
Before INZER, ROBERTSON and SUGG, JJ.
*472 INZER, Presiding Justice, for the Court:
This is an inverse condemnation case and is the third appearance of the case before this Court. This controversy began in 1963 when appellee, Mrs. Bessie Bradshaw Wright, filed suit contending that the Jackson Municipal Airport Authority had taken an avigation easement over her property adjoining the airport. In 1966 the Chancery Court of the First Judicial District of Hinds County held that the airport authority had taken an avigation easement without prior eminent domain proceedings and that the landowner was entitled to compensation for such easement to be fixed as of the time of the trial instead of the time of filing the bill of complaint. On appeal we affirmed the finding of inverse condemnation, but reversed holding that the time of taking was the date of the filing of the suit, rather than the time of trial. Jackson Municipal Airport Authority v. Wright, 232 So.2d 709 (Miss. 1970).
After remand and before trial, the landowner sold a part of the land to the Mississippi State Highway Commission and the airport authority acquired by condemnation the balance of her property. The chancellor held that due to these two developments, the landowner was not entitled to be paid for the avigation easement. On appeal by the landowner we reversed holding that the landowner had not been paid for the avigation easement and was entitled to be paid and we again remanded for the assessment of damages as of March 1963. Wright v. Jackson Municipal Airport Authority, 300 So.2d 805 (Miss. 1974).
After remand the landowner, with permission of the court, filed a supplemental bill of complaint seeking to recover not only for the original taking, but also additional damages because of expansion of the easement due to the increased number of flights and the introduction of larger and noisier aircraft. The authority demurred to the supplemental bill and also filed a plea in bar, both of which were overruled. The chancellor denied an interlocutory appeal and upon an uncontested application by the authority, we granted the appeal.
The question to be decided is whether the owner of the avigation easement must pay the servient landowner additional damages because of increased flights by heavier and noisier aircraft after the date of the original taking.
We held in the first appeal that the airport authority had taken the avigation easement prior to the date of the filing of the suit and compensation of the landowner *473 must be fixed as of the time of the filing of the suit. The avigation easement acquired by the airport was a permanent easement which gave it the right to fly aircraft over the landowner's property. The easement was not limited to the number or type of aircraft that could be flown over the property. Neither was it limited to any particular portion of the property. In other words, the authority had the right to fly aircraft over any part of the land in question. Whatever may be the rule in other jurisdictions, the rule in this state is that a landowner in a condemnation proceeding, whether regular or inverse, must recover in one proceeding all damages that have resulted or which are reasonably likely to result in the future by virtue of the easement being used for the purpose for which it was granted.
In Mississippi State Highway Commission v. Tomlinson, 223 Miss. 623, 78 So.2d 797 (1955), the highway commission acquired an easement to construct a highway over the land of Tomlinson. Later the commission raised the grade of the highway and the landowner sought to recover damages because of the increased height of the grade. In holding that the landowner could not recover, we pointed out that the commission had not taken additional land, and in merely changing the grade, it was using the easement for the purpose for which it was acquired. We also pointed out in Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565 (1940), that "the compensation awarded the landowner in an eminent domain proceeding is conclusively presumed to include all damages resulting to him from the proper use of the land taken... ." (189 Miss. at 868, 198 So. at 570) We stated further in Mississippi State Highway Commission v. Tomlinson, supra:
Our decisions find abundant support in the authorities from other jurisdictions. In 29 C.J.S. page 1370, Eminent Domain, Section 328, it is said: "Applying the principles stated above, it is the rule, subject to statutory exceptions, that the owner must recover in one proceeding all the damages which have resulted, or are reasonably likely to result in the future, from a proper construction and operation of the improvement, and no subsequent action will lie to recover items which were or might have been considered in the original proceeding, the presumption being that all proper damages were considered in such proceeding." The Hillman case, supra, and authorities from seventeen other jurisdictions, are cited in the notes as supporting the above rule. (223 Miss. at 629, 78 So.2d at 799).
Although the landowner has not yet been paid for the avigation easement over her land, the rule announced in Tomlinson governs and she is confined to proof of her damages as of March 1963. In other words, she must recover in the original proceeding the damages that had resulted then or which were reasonably likely to result in the future from the proper use of the easement. This being true, the chancellor was in error in overruling the demurrer to the supplemental bill. It should have been sustained and the judgment will be entered here sustaining the demurrer and dismissing the supplemental bill of complaint. The cause will again be remanded for the sole purpose of assessing damage to the landowner as of March 1963.
This case was considered by a conference of the judges en banc and all concur, except LEE, J., who took no part.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
LEE, J., took no part.